No. 499

STATE ex rel GARWOOD v. WEBSTER

Ohio Appeals, 2nd Dist., Montgomery County
No. 614. Decided May 26, 1924

601. HABEAS CORPUS—Writ of will not be allowed for the reduction of an unreasonable bond until the statutory remedy has been exhausted.

BY THE COURT.

Epitomized Opinion
Published Only in Ohio Law Abstract

Action in habeas corpus brought against Webster, sheriff, seeking the release of Harry Garwood and Amber Garwood, who were imprisoned in the jail of Montgomery county under commitment from a justice of the peace. Each of the three parties was under arrest upon three charges of burglary and commited to jail in default of bond, which was fixed in the sum of $2,000 for each party for each offense, or $12,000 in all. Application was made to the Common Pleas for reduction of the amount of the bonds, and the application was refused. This proceeding was brought as the proper remedy to reduce an excessive bond and for the discharge of the parties imprisoned upon the giving of a reasonable bond    Held:

By 13534 GC. one charged with a bailable offense and confined in jail under the commitment of a magistrate, may be admitted to bail by a judge of the Supreme, Common Pleas or Probate Court. The rule of law is that a

party must exhaust his statutory remedy for the reduction of unreasonable and excessive bail by making application to the judges, specifically authorized to make such order under the statute, and a writ of habeas corpus will not be allowed until such statutory remedy has been exhausted. If the order of the Common Pleas in this case was a final order, then the remedy would be by error proceedings. If it was not a final order, then the remedy would be to apply to other judges mentioned in the statute. In either event a writ of habeas corpus will not be allowed by this court under the existing circumstances. Writ refused.

Attorneys—T. M. Gavin and Strother Jackson, for Garwood;Chas. Brennan, for Webster.