## In re Polizzi.

(Decided May 5, 1939.)

*Mr. Thomas A. Burke* and *Mr. Martin A. McCormack,* for petitioner.

*Mr. Frank T. Cullitan,.* prosecuting attorney, and *Mr. Neil W. McGill,* contra.

MONTGOMERY, J. This is an action originating in this court by way of an application for a writ of habeas corpus.

The petitioner avers an indictment and a commitment to the county jail of Cuyahoga county, for a violation of Section 13384, General Code, which is the section defining and prescribing the penalty for what is designated as "blackmailing."

The petition avers that, on arraignment, the Common Pleas Court held the petitioner to bail in the sum of $50,000, which has not been furnished because it is excessive in amount, and in contravention of the Constitution of the state of Ohio and of the Eighth Amendment to the Constitution of the United States. The alleged purpose of the petition is to procure the fixing of what is termed reasonable bail.

It is recited further that the applicant is a citizen of the state of Ohio, is vice-president of a coal company, that when apprised of the indictment he was in the state of Florida and immediately returned by air, surrendering himself to the authorities of Cuyahoga county.

This application is verified by one of the petitioner's counsel who simply stated "that the facts stated and allegations contained in the foregoing are true as he verily believes."

The amount of recognizance to be fixed by the committing court is determined by Section 13435-2, General Code, which recites in part:

"The amount of the bond shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant and the probability or improbability of his appearing at the trial of the cause."

Except for the petition, verified as heretofore indicated, nothing was presented to this court in support thereof, except statements of counsel in open court. There was not presented to us any record of what happened in the trial court. There is nothing before us indicating what elements entered into the determination of the trial court in fixing this bond. There is nothing to indicate whether the trial court had before it facts sufficient to justify the commitment upon such a bail, and there is nothing before us to indicate that the trial court was affected by any improper consideration or misconception of the law.

In Ferris "Extraordinary Legal Remedies," 92, Section 70, under the title "Excessive Bail" we note this statement:

"In a proceeding by habeas corpus on the ground of excessive bail, the court will not interfere with the discretion exercised by the trial court unless it shall appear *per se* that the amount fixed is unreasonably great and clearly disproportionate to the offense involved,

the determination of what is disproportionate to the offense depending not alone upon the amount of money which may have been lost to one party or secured to another by means of the offense, but depends rather upon the moral turpitude of the crime, the danger resulting to the public from the commission of such offense, and the punishment authorized by law therefor.''

This seems reasonable and sound to us. Measured by it, what must be our conclusion? It certainly does not appear *per se* from the record before us that the amount fixed is unreasonably great and clearly disproportionate to the offense involved.

With nothing before us further than is indicated, for us to make an order different from that made by the trial court would be simply a substitution of our judgment for its judgment and a substitution made without adequate data.

It will be noted further that no application has been made to the trial court for a reduction of the bond. In fact, counsel admitted in open court that no formal application had been made. In this connection we call attention to the case of *In Matter of Martin,* a decision of the District Court of Appeal of the First Appellate District of California as reported in 51 Cal. App., 706, 197 P., 365. In that case the writ of habeas corpus was denied on both of the two grounds for which it was sought, one being the alleged excessive bail. On that proposition the court stated:

''Petitioner also contends that he is being held to answer in the superior court of the city and county of San Francisco on excessive bail. If this be true, it does not appear that he has made timely or any application to the court below for a reduction of the amount. Until he has done so and been denied any relief, we do not feel that this court is in a position to entertain an application for a writ of habeas corpus on that ground.''

We might with propriety terminate our conclusion without proceeding further, for it seems clear and certain to us that, under the state of the record before us, the writ should be denied. However, we have deemed it expedient to proceed further and discuss the propriety of granting such a writ even were the record different from the record presented.

We are advised that there are numerous similar cases pending in the Common Pleas' Court and that what is done by us in this action will indicate the further procedure of counsel for the other defendants. It is but fair that they should be advised of our position. Moreover, a determination of the right to such remedy goes directly to the main issue.

It has long been the established rule in Ohio that a writ of habeas corpus cannot be made a substitute for proceedings in error. See *Yutze* v. *Copelan,* 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048; *Ex parte Elicker,* 117 Ohio St., 500, 159 N. E., 478; *Wilson, Sheriff,* v. *Lasure,* 36 Ohio App., 107, 117, 172 N. E., 694.

Attention is directed in particular to the *Elicker case,* and to the discussion therein contained of Section 12165, General Code, which is the section providing that a writ of habeas corpus shall not issue if the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court when the court had jurisdiction to issue the process.

Attention is called to the case of *Martin, Warden,* v. *District Court,* a decision of the Supreme Court of Colorado reported in 37 Colo., 110, 86 P., 82.

In the opinion on page 115, supported by a list of cited authorities from the United States Supreme Court down, the proposition is advanced that "a defendant will not, except in rare and extraordinary cases, be released from imprisonment thereunder if appropriate relief can be granted by writ of error or appeal."

The only Ohio case of which we have knowledge,

similar to the one now before us, is *State, ex rel. Garwood,* v. *Webster,* an unofficially reported case appearing in 2 Ohio Law Abs., 502. In that case it was held that a party must exhaust his statutory remedy for the reduction of unreasonable and excessive bail and a writ of habeas corpus will not be allowed until such statutory remedy is exhausted.

Without deciding the question as to whether the order is a final order, the court made this observation: "If the order of the Common Pleas in this case was a final order, then the remedy would be by error proceedings."

We are confronted therefore with the proposition as to whether the order of the Common Pleas Court is a final order. This would appear to be a matter of first impression. There is no decision in Ohio on this exact situation.

Trial courts and courts of appeal have been much exercised over the last amendment to Section 12223-2, General Code, which provides that an order vacating or setting aside a verdict of a jury and ordering a new trial is a final order which may be reviewed, modified or reversed.

The Supreme Court of Ohio in the case of *Hoffman* v. *Knollman,* 135 Ohio St., 170, held this provision unconstitutional, and reaffirmed the well understood doctrine that such an order was not a final order in the absence of a gross abuse of discretion. If such an abuse of discretion did exist in any case, then it would follow that a right of appeal therefrom would lie to this court.

The petitioner argues, in memorandum submitted, that no such appeal is provided in the Criminal Code. However, it seems to us that it is provided by the Appellate Procedure Act and in this same Section 12223-2, General Code.

We see no difference in principle between a gross abuse of discretion in a civil case and one in a criminal case, and we do not see that our authority is different in one instance from what it is in the other instance.

In a civil action when there is such an abuse of discretion, the right of appeal is grounded on the theory that the losing litigant has been deprived of a substantial right by reason of such abuse of discretion. In a civil case, in the instance mentioned, he may be improperly deprived of a right to a final judgment.

In a criminal case such as the one before us he may be deprived of his liberty. Certainly a property right cannot be regarded as more sacred than a personal right.

In 1 Bailey on Habeas Corpus, 486, Section 115, we find this pronouncement: "To require excessive bail is an abuse of discretion as well as a violation of fundamental law."

As indicated, we are of the opinion that an abuse of discretion, depriving a defendant of a right, constitutes an appealable order.

Clearly it would appear that he has such a right of appeal if there is a violation of a fundamental law. In other words, if he is deprived of a constitutional right which he is entitled to exercise, the order of deprivation is certainly a final order from which a right of review would arise.

It must be conceded that the requirement by a committing court of excessive or unreasonable bail is both a violation of a fundamental right existing in the accused and an abuse of discretion. Such is the claim in the instant case. If such were the fact in the instant case, in our judgment a right of appeal would lie to this court from the conclusion of the trial court, and that being so it would follow that the accused would not be entitled to a writ of habeas corpus.

The application is denied.

*Writ denied.*

LIEGHLEY, P. J., and SHERICK, J., concur.

Sherick and Montgomery, JJ., of the Fifth Appellate District, sitting by designation in the Eighth Appellate District.