LEWIS, APPELLEE, *v.* PUBLIC FINANCE CORPORATION OF YOUNGSTOWN NO. 3, APPELLANT.

[Cite as Lewis v. Public Finance Corp., 9 Ohio App. 2d 215.]

(No. 4617—Decided February 15, 1967.)

*Mr. Norman A. Rheuban,* for appellee.
*Mr. Morris Mendelssohn,* for appellant.

YOUNGER, J. Since this court is divided on the question of whether there exists a valid bill of exceptions which may be properly entertained by the court, and since this is a matter of primary concern, that question will be first considered. To prevent confusion the parties will be considered herein merely as plaintiff and defendant.

In this case the plaintiff received a verdict against the defendant in  the amount of $5,000 based upon malicious prosecution and abuse of process.   Thereafter, various proceedings

were had including a motion for judgment notwithstanding the verdict and a motion for new trial.

On April 5, 1965, the trial court granted a motion for a new trial unless the plaintiff would consent to a remittitur of $3,000 within ten days, in which event the motion for new trial would be overruled and judgment for $2,000 would be granted. Before the ten days had expired and before acting on such remittitur, the plaintiff appealed to the Court of Appeals and in doing so perfected a bill of exceptions which was filed in the Common Pleas Court on April 20, 1965. This bill of exceptions shows that notice of its filing was given April 20, 1965, and shows no objections, exceptions or amendments having been made; that it was transmitted to the trial judge on May 3, 1965; and that it was received back by the clerk and filed in the Common Pleas Court on May 3, 1965. This bill of exceptions contains a certificate by the stenographers that it is a true and correct transcript of all evidence introduced at the trial and the signature of the trial court on May 3, 1965, allowing such bill of exceptions and ordering that it be made a part of the record. It is admitted that as to the appeal by the plaintiff the bill of exceptions was properly before the Court of Appeals.

This appeal proceeded on for hearing in the Court of Appeals. Motion by the defendant to dismiss the appeal was overruled on July 6, 1965, and, on December 2, 1965, upon motion to dismiss the appeal filed by the defendant, after argument and briefs being submitted, the court found that the notice of appeal by the plaintiff tolled his time to accept or reject the orders of the trial court as to the remittitur and held that plaintiff had three days left to accept or reject the remittitur and dismissed the appeal. Thereafter, in the Common Pleas Court on this same day the plaintiff consented to the remittitur and a journal entry was filed by the trial court entering judgment against the defendant in the amount of $2,000.

Thereafter, on December 18, 1965, notice of appeal from such judgment was filed in the Court of Common Pleas by the defendant, which contains acknowledgment of service by the attorney for the plaintiff dated December 14, 1965, and on the same day a notice of appeal identical in all respects with the above was filed in the Court of Appeals. On the same day assignments of error were filed in the Court of Appeals with ser-

vice of copy of same being acknowledged on December 14 by the attorney for the plaintiff. On the same day the attorney for the defendant filed a praecipe in the Common Pleas Court for the filing with the Court of Appeals of the transcript of docket and journal entries with the original papers and containing this addition—"including the bill of exceptions."

The bill of exceptions contains the following, "Exceptions filed with the Clerk," followed by a blank line, on which blank line is written in ink, "April 20, 1965," which is the time of the filing of the bill of exceptions the first time and corresponds with the official file mark of the Clerk of Courts on page 1 and on the cover of the bill of exceptions. Immediately following such date has been added in ink the following: "Dec. 18, 1965," and the official file mark of the Clerk of Courts as of such date.

The official file mark of the Clerk of Courts of Mahoning County is general. It contains only the following: "Clerk of Courts Mahoning County, Ohio, Filed Dec. 18, 1965, Anthony Vivo, Clerk." It does not specify whether it was filed in the Common Pleas Court or in the Court of Appeals. However, there are two file markings on the bill of exceptions, one written in ink and the other with impression of the official file mark. Of course we cannot read the mind of the Clerk of Courts and now say that when he wrote the date in ink the filing was to be in one court and when he stamped the file mark that was to be a filing in the other court. It would seem to this writer that when such a general file mark is used by the Clerk of Courts it would indicate a filing in the Clerk of Courts' office for any and all purposes for which such document could be, or should have been, filed.

The minority opinion herein is based upon the fact that it does not affirmatively appear on the bill of exceptions that the provisions of Section 2321.06, Revised Code, requiring notice of filing to be given to opposing counsel with time for the filing of objections or amendments thereto, transmission to the trial judge, his allowance thereof and a return to the Clerk of Courts, were carried out, when a second appeal (this one by the defendant) was filed.

There is no separate provision of law setting forth what should be done with a bill of exceptions which has already been properly perfected and allowed, when such bill of exceptions

is to be used in a second appeal. It must be admitted that Section 2321.06, Revised Code, does not contemplate that at the time a bill of exceptions is filed it has already been subjected to the procedures set forth therein.

It is the opinion of the majority of this court that this bill of exceptions, having once been properly perfected, becomes an integral part of the case and needs no new life breathed into it by again subjecting it to the procedures outlined in Section 2321.06, Revised Code. When first perfected it became a live, valid and existing bill of exceptions. The action of the Court of Appeals in dismissing the first appeal because it had been prematurely brought could not and did not deprive the bill of any vitality or in any way destroy it, and when refiled as part of the second appeal it becomes a part of the second appeal and may be entertained by this court.

Upon the merits this court finds no prejudicial error exists in any of the matters assigned or argued. There is sufficient evidence of probative value to support the finding of the jury in favor of the plaintiff. The amount of the verdict may have been higher than the circumstances required, but the remittitur ordered by the trial court shows no sign of an abuse of discretion and in the opinion of this court was a proper exercise of the discretion vested in the trial court.

*Judgment affirmed.*

GRAY, J., concurs.

GUERNSEY, J. I concur in the judgment solely because, in my opinion, there is no bill of exceptions before this court to portray the errors assigned by the defendant, appellant herein, and I express no opinion on the merits of these assignments.

It must be remembered that the defendant is here on appeal not by way of a cross-appeal but by way of a wholly independent appeal initiated by the filing of its notice of appeal on December 18, 1965. The plaintiff's appeal (Case No. 4554) had been terminated by a journal entry of dismissal theretofore filed on December 2, 1965.

It is not disputed that the defendant took the bill of exceptions which had been prepared, allowed and filed in case num-

ber 4554, the plaintiff's appeal, and refiled same with the Clerk of Courts on December 18, 1965. And it is undisputed that between that date and the date this appeal was heard on its merits no notice of any filing was given to opposite counsel nor waived by opposite counsel, nor was the bill of exceptions ever transmitted to, corrected or allowed by the trial judge. Notwithstanding that the majority of the court seems to think that the clerk's use of a written date of filing together with the same stamped date of filing, December 18, 1965, indicates a filing first in the Common Pleas Court followed on the same day by a filing in the appellate court, such conclusion is inconsistent with the clerk's practice of using a written date together with the same stamped date on April 20, 1965, which undisputably was merely the date when the bill of exceptions was filed *in the Common Pleas Court* in connection with the plaintiff's appeal. It is apparent to me that, notwithstanding that the bill of exceptions was filed in the Common Pleas Court on December 18, 1965, it was never filed in the Court of Appeals at any time then or thereafter.

In my opinion even though the plaintiff had filed a bill of exceptions in connection with his appeal he was still entitled to notice of filing and an opportunity to file objections or exceptions to the same bill of exceptions when filed by the defendant in connection with its appeal. The desired content of a bill of exceptions may differ depending upon whether one is the appellant or the appellee, and a bill of exceptions satisfactory to the plaintiff in the former capacity may be objectionable to the plaintiff in the latter capacity. This difference is highlighted by the provision of Section 2321.05, Revised Code, for the filing of "a bill of exceptions setting forth *that part of the evidence and such other matters occurring during the progress of the trial * * * not contained in the transcript *upon which the appellant* asserts his claims of error." (Emphasis added.) Section 2321.06, Revised Code, then places upon the clerk the duty of notifying the adverse party, or his attorney, of its filing and of transmitting the bill to the trial judge *after* the adverse party, or his attorney, has had the opportunity to object or waive objection, and the duty of the clerk to notify the respective parties *upon the return* of the bill of exceptions from the trial judge. It is apparent from these various provisions that

unless the settling, allowance and signing of a bill of exceptions by the trial judge is dispensed with in the manner provided by Section 2321.12, Revised Code, it must occur *after* the appeal is perfected by the filing of a notice of appeal.

Section 2321.13, Revised Code, permits the *appellant* to file a bill of exceptions "in the appellate proceedings," and places no duty upon the clerk to do so. Although *Welfare Finance Corp.* v. *Estep,* 170 Ohio St. 391, would tend to excuse an appellant from the failures of a clerk in the time of performance of his duties with regard to a bill of exceptions, that case does not purport to excuse the complete failure to file a bill of exceptions in the Court of Appeals, nor does it diminish the requirements of a "valid bill of exceptions which may properly be entertained by a reviewing court" as set forth in the second paragraph of the syllabus of the recent case of *State, ex rel. Community Improvement Corp.,* v. *City of Independence,* 6 Ohio St. 2d 70.

Therefore, for the reason that the document offered as a bill of exceptions does not constitute a valid one and for the additional reason that it was never filed in this court in this appeal, I conclude that it may not be considered.

YOUNGER, P. J., and GUERNSEY, J. (Presiding), of the Third Appellate District, and GRAY, J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.