IN RE HOPPLE.

(No. WD-83-75—Decided November 18, 1983.)

*Mr. Thomas J. Bamburowski,* for petitioner Robert Hopple, Jr.

*Ms. Betty Montgomery,* prosecuting attorney, and *Mr. Albert L. Potter II,* for respondent state of Ohio.

HANDWORK, J. This case is presently before the court as an original action pursuant to petitioner's "complaint" for a writ of habeas corpus. (The writ of habeas corpus is properly sought by way of petition, not complaint. See R.C. 2725.04: "Application for the writ of habeas corpus shall be by *petition* * * *." (Emphasis added.)

An earlier appeal to this court was dismissed on October 20, 1983, for lack of a final appealable order. The particular order from which petitioner attempted to perfect his appeal had not been file-stamped in the trial court — thus leaving this court unable to determine whether petitioner's notice of appeal was timely filed, a well-settled and well-known jurisdictional prerequisite. See App. R. 4. Petitioner now seeks to have his case reviewed by this court through a writ of habeas corpus.

However, when there exists an adequate remedy in the ordinary course of law, habeas corpus is not, and may not be used as, a substitute for appeal. See *In re Hunt* (1976), 46 Ohio St. 2d 378, 381 [75 O.O.2d 450]; *In re Burson* (1949), 152 Ohio St. 375, 384 [40 O.O. 391]; *In re Polizzi* (1939), 61 Ohio App. 354, 357 [15 O.O. 232]. Resort to extraordinary writs may not be had where an adequate statutory remedy exists for reviewing the question presented. *In re Hunt, supra.*

In this case, petitioner's "adequate remedy in the ordinary course of law" is to pursue his right of appeal, which was not irretrievably foreclosed by our October 20 dismissal. To clarify what appears to be a matter of clerical confusion, we observe that R.C. 2303.08 ("general duties") and 2303.10 ("indorsement of papers") provide, respectively:

"The clerk of the court of common pleas *shall indorse on each pleading or*

*paper* in a cause filed in his office *the time of filing,* enter all orders, decrees, judgments, and proceedings of the courts of which he is the clerk, make a complete record when ordered on the journal to do so, and pay over to the proper parties all monies coming into his hands as clerk." (Emphasis added.)

"The clerk of the court of common pleas *shall indorse upon every paper filed with him the date of the filing thereof,* and upon every order for a provisional remedy and upon every undertaking given thereunder, the date of its return to his office." (Emphasis added.)

Endorsing the fact and date of filing on the judgment entry itself is evidence that it was filed on that date. See *Ferrebee* v. *Boggs* (1969), 18 Ohio St. 2d 87 [43 O.O.2d 173]; *King* v. *Penn* (1885), 43 Ohio St. 57, 61; see, also, *Lewis* v. *Public Finance Corp.* (1967), 9 Ohio App. 2d 215 [38 O.O.2d 230]. Since the juvenile court is only a separate department of the Wood County Court of Common Pleas, these provisions of the Revised Code apply fully to clerical procedure regarding the juvenile court. All judgment entries (and other papers) *must be* file-stamped on the date they are filed. It is impossible for an appellate court, on its own, to determine whether an appeal is timely filed, if the judgment entry from which the appeal is being prosecuted bears no file stamp or if certified proof of the date of journalization is not forthcoming.[1] Just as a judgment entry that has not been journalized, or filed with the clerk for journalization, is not a final appealable order, so a judgment entry that has not been filed-stamped by the trial court clerk is not a final appealable order. See *American States Ins. Co.* v. *Newman* (1981), 2 Ohio App. 3d 14; see, also, App. R. 4(B).

Respondent's contrary assertion, that nothing in R.C. Chapter 2151 or the Rules of Juvenile Procedure mandates that the juvenile court's judgment entries be file-stamped, is meritless.

In addition to the foregoing statutory provisions, Civ. R. 58 clearly states that after the court has prepared and signed a judgment entry, "the clerk shall thereupon enter it." The rule also states that "[a] judgment is effective only when filed with the clerk for journalization." We further note that, after the appeal *sub judice* was dismissed on October 20, petitioner had ten days, under App. R. 26, within which to furnish certified proof of the actual date of the judgment entry containing the order he wished to appeal. Petitioner did not do so, however, initiating, instead, the present habeas corpus action.

Accordingly, since petitioner may still appeal as a matter of right, he has an adequate remedy in the ordinary course of law, and habeas corpus will not lie in this case. If, however, thirty days has expired (*i.e.,* if it is found or shown from a certified copy of the trial court clerk's docket sheet that petitioner's notice of appeal was untimely filed), petitioner may still pursue appellate review in accordance with the provisions of App. R. 5 ("appeal by leave of court in criminal cases").

Treating petitioner's "complaint" as a petition for a writ of habeas corpus, we find that the same must be denied, as heretofore explained. Said petition is hereby dismissed at petitioner's costs. It is so ordered.

*Petition denied.*

CONNORS, P.J., and RESNICK, J., concur.

---

[1] In the absence of a file-stamped date, certified proof of journalization consists of proof by reference to a certified copy of the trial court clerk's docket sheet on which the dates of judgment entries are normally entered and kept.