City of Toledo, Appellant, *v.*
Fogel, Appellee.

(No. L-85-010 — Decided
March 29, 1985.)

*John T. Madigan,* city prosecutor, and *Michael F. Sheils,* for appellant.
*Henry B. Herschel,* for appellee.

HANDWORK, J. This matter is before the court on defendant-appellee's motion to dismiss the state's appeal from a suppression order of the Toledo Municipal Court. Appellee, John K. Fogel, is charged with operating a vehicle while having a specified blood-alcohol concentration level (OMVI) in violation of Toledo Municipal Code 333.01(a)(3).

Appellee has moved to dismiss the instant appeal on two grounds: first, he argues that Traf. R. 11(I) precludes the prosecution from appealing the granting of a motion to suppress in so-called "drunk driving" cases. Second, appellee argues that even if the state can appeal in such cases, the present appeal is untimely because the prosecutor failed to file the required notice of appeal within the time limit set forth in Crim. R. 12(J). For the following reasons, appellee's motion to dismiss is without merit.

I

R.C. 2945.67 states, in part:

"(A) A prosecuting attorney, * * * may appeal as a matter or [of] right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, *a motion to suppress evidence,* or a motion for the return of seized property or grants post conviction relief * * *." (Emphasis added.)

This statute provides the state with a *substantive* right of appeal where the trial court has ruled adversely to its position with respect to certain specified motions. Here, we are concerned with the trial court's granting of the defendant's (appellee's) motion to suppress evidence. Once granted, Crim. R. 12(J) controls the procedure for implementing the state's substantive right of appeal under R.C. 2945.67. The state's appeal under the rule is conditioned upon its making the requisite two-part certification *and* the timely filing of a notice of appeal within the seven-day time limit specified therein. See Crim. R. 12(J).

Traf. R. 11(I) provides:

"State's Right of Appeal.

"The state, pursuant to Crim. R. 12(J), may take an appeal as of right in cases where the defendant is charged with an offense listed in Rule 13(B)(1) and (3)."

The offenses listed in Traf. R. 13(B)(1) and (3) refer to "[i]ndictable offenses" and "[l]eaving the scene of an accident," respectively. As appellee correctly notes, Traf. R. 13(B)(2), which does refer to the OMVI offense, is excluded from the scope of Traf. R. 11(I). Since Traf. R. 13(B)(2) specifically refers to the OMVI offense, but Traf. R. 11(I) does not specifically enumerate it as a case in which the state may appeal from an adverse determination of a motion to suppress, the aforementioned Traffic Rules operate to exclude OMVI cases from that class of offenses otherwise appealable under R.C. 2945.67 and Crim. R. 12(J). Appellee thus concludes from this apparent exclusion that, in traffic cases generally, the prosecution may only appeal the granting of a motion to suppress in cases which fit those offenses specified in Traf. R. 13(B)(1) and (3).

Appellee's argument, though novel, is nevertheless flawed in two respects. First, appellee has ignored the plain language of R.C. 2945.67 which gives the state a substantive right to appeal the granting of a motion to suppress *in any case.* The language used in this statute is very broad, and it authorizes the state to do that which it could not do absent the statute, with or without Crim. R. 12(J). Second, since the scope of the state's right of appeal under R.C. 2945.67 is jeopardized by Traf. R. 11(I) (or, at least, is in jeopardy under the construction that appellee would have this court give that rule), we turn to the pertinent provisions of the Ohio Constitu-

tion. Section 5(B), Article IV states, in part:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules *shall not abridge, enlarge, or modify any substantive right.* * * * All laws *in conflict with such rules shall be of no further force or effect after such rules have taken effect.*" (Emphasis added.)

As we have noted earlier, R.C. 2945.67 clearly provides the prosecution with a substantive right of appeal. However, the implicit premise underlying appellee's argument is that Traf. R. 11(I) "conflicts" with that statute and therefore the rule, not the statute, controls. We disagree. Traf. R. 11(I) does *not* say that the state has no right of appeal in traffic cases. Rather, the rule purports to limit, restrict or qualify the state's right of appeal in such cases by excluding therefrom OMVI cases (as well as others). To the extent that this construction of the rule would *modify* the state's otherwise broad right to appeal suppression orders in OMVI cases, there is an *abridgement* of the substantive right provided in R.C. 2945.67. Consequently, the constitutional injunction against so construing Traf. R. 11(I) compels the conclusion that this rule does not (and cannot) deny the state's right to appeal an order of the trial court granting a motion to suppress in an OMVI prosecution. Section 5(B), Article IV of the Ohio Constitution. We therefore hold that, under R.C. 2945.67 and under the procedural requirements of Crim. R. 12(J), the state may appeal as of right the granting of a motion to suppress evidence in an OMVI case, notwithstanding Traf. R. 11(I).

Moreover, the force and effect of the Traffic Rules differ significantly from that of other rules adopted by the Ohio Supreme Court pursuant to Section 5, Article IV, *supra.* Obviously, not all rules promulgated by the Supreme Court are issued pursuant to Section 5(B) of Article IV. The Code of Profes-

sional Responsibility, for example, was promulgated pursuant to Section 2, Article IV of the Ohio Constitution *and* R.C. Chapter 4705. Similarly, the Traffic Rules are of statutory origin, having been adopted by the Supreme Court pursuant to R.C. 2935.17 and 2937.46. See Traf. R. 1(B). (The present Traffic Rules became effective January 1, 1975.) See, also, *Linden* v. *Bates Truck Lines, Inc.* (1982), 4 Ohio App. 3d 178. Accordingly, the Traffic Rules do not supersede or take precedence over statutes with which they appear to "conflict." *Id.* at 180. In short, the appropriate resolution of the issue here is determined by the statute, not the rule. Appellee's contrary arguments are unavailing.

## II

Appellee's alternate ground for dismissing this appeal is that the notice of appeal was not filed within the required seven-day time limit specified in Crim. R. 12(J). The record in this case indicates that on November 26, 1984, the trial judge made the following order (in handwriting):

"11-26-84.

Motion to suppress found well-taken and granted. /s/ Kopf."

The record further indicates that the prosecution filed its notice of appeal on December 5, 1984, as evidenced by the file-stamped date from the municipal court clerk. Clearly, then, if the controlling date of the judgment granting the motion to suppress is deemed to be the date the judge *signed* the order, then the state's notice of appeal was not filed within the seven-day time period, and this court is without jurisdiction to hear the appeal. However, what appellee has misperceived is that Crim. R. 12(J) requires the timely filing of a notice of appeal, with the trial court clerk, "within seven days *after the entry* of the judgment * * * granting the motion." (Emphasis added.) See *Id.* In this regard, App. R. 4(B), governing appeals in criminal cases, provides, in part:

"Appeals in criminal cases. * * * In an appeal by the prosecution, the notice of appeal shall be filed in the trial court * * * under Criminal Rule 12(J) * * * within seven days of *the date of the entry* of the judgment or order appealed from. *A judgment or order is entered * * * when it is filed with the clerk of the trial court for journalization.*" (Emphasis added.)

As App. R. 4(B), Crim. R. 32(B), M.C. Sup. R. 7, and *In re Hopple* (1983), 13 Ohio App. 3d 54, make abundantly clear, the controlling date, for purposes of the running of time for this appeal, is the date on which the judgment in question *is filed with the trial court clerk* for journalization. See App. R. 4(B), *supra; In re Hopple, supra.* A judgment is considered to be "entered" only *when it is filed with the clerk of the trial court for journalization.* See App. R. 4(B), *supra;* cf. Crim. R. 32(B) and M.C. Sup. R. 7. The critical date, therefore, is the *date of filing.* This is usually, though not exclusively, evidenced by a file-stamp date on the face of the document which contains the trial court's judgment or order. As this court held in *In re Hopple, supra,* at 55:

"All judgment entries (and other papers) *must* be file-stamped on the date they are filed. * * * Just as a judgment entry that has not been journalized, or filed with the clerk for journalization, is not a final appealable order, so a judgment entry that has not been file-stamped by the trial court clerk is not a final appealable order." (Emphasis *sic.*)

Furthermore, as the *Hopple* court explained:

"It is impossible for an appellate court, on its own, to determine whether an appeal is timely filed, if the judgment entry from which the appeal is being prosecuted bears no file stamp or if certified proof of the date of journalization is not forthcoming." *Id.* (Footnote omitted.)

Other courts have likewise made similar observations. See *State* v. *Butler*

(1974), 44 Ohio App. 2d 177, 181 [73 O.O.2d 196] ("Appellate Rule 4(B) * * * *now requires journalization* before the appeal is perfected." [Emphasis added.]); *State* v. *Tripodo* (1977), 50 Ohio St. 2d 124 [4 O.O.3d 280] (paragraph one of the syllabus: "An announcement of a decision in a criminal case is not a final appealable order until the entry of judgment thereon is filed with [the clerk of] the trial court. [App. R. 4(B).]"); cf. *State* v. *Harris* (1981), 2 Ohio App. 3d 48, 49 ("App. R. 4[B] * * * clearly requires the filing of a judgment entry before an appeal can be perfected."); see, also, *Lima* v. *Elliott* (1964), 6 Ohio App. 2d 243 [35 O.O.2d 427] (second paragraph of syllabus: "A 'judgment' * * * of a Municipal Court is not a final appealable order, *where there exists uncertainty as to the date upon which the determination of the court became final and the time for appeal commences to run.*" [Emphasis added.]).

Quoting again from *In re Hopple, supra,* at paragraph two of the syllabus:

"Endorsing the fact and date of filing on the judgment entry itself by the * * * [trial court clerk] *is evidence that it was filed on that date.*" (Emphasis added.)

Here, because there exists no evidence in the record (*i.e.,* because the judgment entry has no file-stamped date) indicating that the court's judgment was ever filed with the trial court clerk for journalization, as required by *In re Hopple,* App. R. 4(B) (and sundry other authorities), the seven-day time limit under Crim. R. 12(J) for the state's appeal of right from the trial court's suppression order has *not* yet commenced to run. In short, there is no indication on the face of the document *that* it was filed with the clerk—or, if it was filed, *when.* Again, the trial court's suppression order is not final and appealable because it was never "entered," as evidenced by a file-stamp date showing that this judgment was, in fact, filed with the trial court clerk. Consequently,

150

the state's appeal here is not "untimely," for the simple reason that the time for appeal has not yet begun to run. Accordingly, appellee's motion to dismiss is not well-taken for this reason too, and the motion is hereby denied.

However, as our foregoing discussion indicates, there is not yet a final appealable order. Since the controlling date is the date the judgment entry is filed with the clerk of the trial court, and not the date the judge signed the suppression order or determined the motion, and since there is no file-stamp date showing that this judgment entry was filed with the clerk, we must *sua sponte* dismiss this appeal and remand the case to the trial court so that the suppression order can be filed with the municipal court clerk, who shall then affix the date of filing to the entry in question. The state may thereafter file a new notice of appeal within seven days of that date.

Based upon the reasons heretofore explained, the appeal *sub judice* is premature, and this court is without jurisdiction to entertain it. *In re Hopple,* Crim. R. 12(J) and App. R. 4(B), *supra.* Accordingly, the instant appeal is hereby ordered dismissed. This case is remanded to the Toledo Municipal Court for further proceedings not inconsistent with this opinion.

*Appeal dismissed.*

RESNICK and WILKOWSKI, JJ., concur.