**Lazarevich**
v.
**Staudacher**
*[Cite as 8 AOA 300]*

*Case No. 89 CA 144*
*Mahoning County, (7th)*
*Decided November 13, 1990*

*James C. Evans, 21 South Phelps Street, Youngstown, Ohio 44503, for Plaintiffs-Appellees.*

*John T. Dellick, 1200 Mahoning Bank Building, Youngstown, Ohio 44503-1769, for Defendants-Appellants.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio, from a judgment entry of September 27, 1989, wherein the trial court granted plaintiff-appellee Alexander Lazarevich's motion for relief from judgment.

On July 18, 1989, a hearing was held before an arbitrator based on an automobile accident involving the parties to this action. The arbitrator made an award of $8,000 in favor of appellee and against defendants-appellants, J & T Cross Brothers, Inc., and Adam J. Staudacher. According to the report and award of the arbitrator, copies of the report were mailed to parties or their counsel on July 27, 1989. According to appellee, the report and award of arbitration was received by counsel for appellee on July 31, 1989. Appellee notes that the copy received by his counsel was not time-stamped by the clerk of courts. On August 29, 1989, appellee filed an appeal from the arbitration decision that his counsel received on July 31, 1989. On August 30, 1989, appellants moved the trial court to strike appellee's notice of appeal and to reduce the arbitration award to final judgment. Appellants contended that appellee failed to comply with the mandatory thirty-day appeal requirement of Mahoning County Local Rule 7. On September 1, 1989, the trial court granted appellants' motion, thereby striking appellee's notice of appeal and reducing the arbitration award to final judgment. According to appellee, the docket of the clerk of courts verifies that the clerk did not send copies nor notice of the judgment entry to counsel of record. On September 20, 1989, appellee filed a motion for relief from judgment pursuant to Civ. R. 60(A) and (B). On September 27, 1989, the trial court granted appellee's motion.

Appellants set forth two assignments of error, as follows:

"1. Where plaintiffs failed to demonstrate a proper basis for relief from judgment under Civil Rule 60, the trial court prejudicially erred in vacating a previously entered final judgment.

"2. Where plaintiffs' motion for relief from judgment was tantamount to the extra legal fiction of a motion for reconsideration after final judgment, it was a nullity, and the trial court prejudicially erred when it granted that motion."

We find that appellants' assignments of error have no merit for the following reasons.

The issue presented in the instant case is whether or not the appellee timely filed his notice of appeal to the common pleas court from the award of the arbitrator. Rule 7 of the Mahoning County Local Rules of Court deals with arbitration. Rule 7(M) states:

"(M) LEGAL EFFECT OF REPORT AND AWARD; ENTRY OF JUDGEMENT

(1) The Report and Award, unless appealed from as herein provided, shall be final and have the attributes and legal effect of a verdict."

Rule 7(O) states:

"(O) RIGHT TO APPEAL

(1) Any party may appeal from the Award of the Arbitrator or Board of Arbitrators to the Common Pleas Court of Mahoning County, Ohio ***. The right to appeal shall be subject to the following conditions, all of which shall be completed within thirty (30) days after filing of the entry of Award with the Clerk of Courts."

The thirty-day time period begins to run with the filing of the original report with the clerk of courts' office. Appellants maintain that the appellee failed to appeal the arbitrator's award within the thirty-day period from the filing and that the trial court's first judgment was proper and should not have been vacated. The copy of the arbitration award mailed to the appellee states that the arbitrator "mailed to parties or their counsel on this 27th day of July, 1989 and the original award filed (with the clerk of courts) on the 27th day of July, 1989." (Insert added.) The thirty-day period then would have expired on August 28, 1989. On August 29, 1989, appellee filed the notice of appeal from the arbitration award. Appellee argues that the notice was received by his counsel on July 31, 1989, that the copy received by counsel was not time-stamped by the clerk of courts. Appellee argues that the case of *In re Hopple* (1983), 13 Ohio App. 3d 54, states:

"All judgment entries (and other papers) must be file-stamped on the date they are filed. Just as a judgment entry that has not been journalized, or filed with the clerk for journalization, is not a final appealable order,

so a judgment entry that has not been file-stamped by the trial court clerk is not a final appealable order."

Appellee argues that even assuming that the arbitrator had prepared and filed a report and award of arbitrator on July 27, 1989, as alleged by the appellants, there is no indication on the face of the document received by counsel for appellee that it was filed with the clerk or if it was so filed, when.

A review of the clerk's docket verifies that the clerk did not send copies or notice of the award to counsel of record.

It appears from the record that the arbitrator sent the copies of the notice of the award. The record before us indicates from the docket entries of the clerk of courts that the award was filed on July 27, 1989. Although there may be a dispute as to the actual evidence of the filing date, this matter can be put to rest by reason of the Ohio Civ. R. 6(E), which states:

"(E) Time: Additional Time after Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period."

Civ. R. 6(E) specifically addresses the issue of a period after the service of a notice or other paper. Local Rule 7(L) states:

"Within twenty (20) days after the hearing the Arbitrator or Board of Arbitrators shall file a report and Award with the Court Administrator and on the same day *shall mail* or otherwise forward copies to all counsel, or in lieu of counsel, to the parties." (Emphasis added.)

We find this requisite service puts the fact situation herein within the purview of Civ. R. 6(E).

We are aware that Ohio Civ. R. 1(C) states that these rules shall not apply to procedure upon appeal to review any judgment, order, or ruling, and that cases have held, for example, that Rule 6(E) is not applicable to a notice of appeal from an administrative agency. *Townsend v. Bd. of Bldg. Appeals* (1976), 49 Ohio App. 2d 402. Also, that Civ. R. 6(E) is inapplicable to the thirty-day time limitation for filing a notice of appeal with the unemployment compensation board of review on appeals taken to the court of common pleas. *Proctor v. Giles* (1980), 61 Ohio St. 2d 211.

We find the instant case is distinguishable from the above in that an appeal of the arbitrator's award to the court of common pleas is a request for a trial *de novo* and there is no review or appellate procedure involved therein. Therefore, the notice of appeal having been filed by the appellee one day beyond the thirty days is sufficient in time with the application of Ohio Civ. R. 6(E).

The trial court which vacated the original judgment was obviously concerned with the question of whether or not the notice of appeal was filed in time. Appellants cite to us our case of *Feldman v. Frydman* (C.A. 7, 1986), Mahoning County Case No. 85 C.A. 78, unreported, wherein it was held that a motion for reconsideration after the final judgment of a trial court is an extralegal fiction which does not exist. We do not agree that appellee's motion for vacation of judgment amounted to a motion for reconsideration.

Appellants further argue that there was no evidence or documentation presented that would support a Civ. R. 60(B) motion to vacate, and that appellee has not demonstrated grounds for relief from judgment. However, as stated above, the issue before the trial court was whether or not the notice of appeal was timely filed. This was determined by the record before the trial court and the application of Ohio Civ. R. 6(E). Under Ohio appellate practice for whatever reason the trial court based its judgment if it was correct upon appeal and review it should be affirmed.

For the foregoing reasons we overrule appellants' assignments of error and accordingly affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.