OPINION
On November 1, 1989, appellant, Thomas Hurt, was convicted, in the Cuyahoga County Court of Common Pleas, of murder with a gun specification and possession of weapons under disability. He was sentenced to fifteen years to life for murder, with three years to be served consecutively for the gun specification and one to five years for possession of weapons under disability. Appellant appealed to the Eighth District Court of Appeals, which affirmed the conviction for murder with a gun specification, but reversed and remanded the conviction for possession of weapons under disability. State v. Hurt (Sept. 12, 1991), Cuyahoga App. No. 58882, unreported. Appellant appealed to the Ohio Supreme Court, which dismissed the appeal. State v. Hurt (1992), 63 Ohio St.3d 1404,585 N.E.2d 426.
During trial, appellant's counsel informed the trial court that he had discussed a report with his client, prepared by the Cuyahoga County court psychiatric clinic, which addressed his competency to stand trial. The opinion of the doctor preparing the report was that, although appellant had a history of mental illness and drug use, he was competent to stand trial. Appellant addressed the court personally and stated that he was satisfied with the report. In consideration of this evidence, the court found appellant competent to stand trial. The same doctor also issued a "sanity report," wherein she set forth her opinion that appellant was sane at the time of the crime. At trial, appellant testified that he had a history of psychiatric problems, but did not plead insanity as a defense.
On November 17, 1994, while incarcerated at the Trumbull Correctional Institute, appellant filed a petition for a writ of habeas corpus in the Trumbull County Court of Common Pleas against appellee, Warden Chelleh Konteh.[1] In his petition, appellant asserted that his conviction was obtained in violation of his right to due process because he was legally incompetent to stand trial and was insane at the time of the offense. He further asserted that he was denied due process because the trial court refused to assure that appellant was provided an independent psychiatric evaluation. Appellee filed a motion to dismiss on December 17, 1997. On May 4, 1998, the trial court dismissed the petition for failure to attach an affidavit listing prior civil actions in compliance with R.C. 2969.25(A) and because the petition failed to demonstrate that appellant was entitled to immediate release.
Appellant appeals and raises the following assignments of error:
 "[1.] Whether the trial court abused its discretion by dismissing appellant's pro se petition for writ of habeas corpus for failure to comply with Ohio Revised Code Section 2969.25(A).
 "[2.] Whether the trial court abused its discretion by both: dismissing the `habeas corpus application' without a hearing, and erroneously concluding that petitioner would not have otherwise been entitled to immediate release."
Because appellant's second assignment of error is dispositive of this appeal, we will address it first. In his second assignment of error, appellant asserts that the trial court abused its discretion by denying his petition without a hearing.
Generally, a writ of habeas corpus will lie only when a person has been imprisoned pursuant to an order or judgment which was issued by a court lacking jurisdiction. R.C. 2725.05; Beachv. McAninch (1996), 111 Ohio App.3d 667, 676 N.E.2d 1226. Allegations relating to nonjurisdictional issues cannot form the basis of a viable claim in habeas corpus, because such issues are reviewable in a direct appeal from the judgment. Ellis v.McMackin (1992), 65 Ohio St.3d 161, 602 N.E.2d 611; Miller v.Mitchell (Aug. 8, 1997), Trumbull App. No. 97-T-0053, unreported.
The sole exception to the requirement of a challenge to jurisdiction exists when the person in custody does not have an adequate remedy at law. In State ex rel. Jackson v. McFaul
(1995), 73 Ohio St.3d 185, 186, 652 N.E.2d 746. Habeas corpus is not available if a plain and adequate remedy at law exists such as appeal or post-conviction relief. Freeman v. Maxwell (1965),4 Ohio St.2d 4, 210 N.E.2d 885; In re Hopple (1983), 13 Ohio App.3d 54,468 N.E.2d 129.
A trial court is not deprived of jurisdiction to sentence an accused because he alleges the issue of his insanity, see Krauterv. Maxwell (1965), 3 Ohio St.2d 142, 145, 209 N.E.2d 571, citingWhelchel v. McDonald (1950), 340 U.S. 122, 71 S.Ct. 146 or competence to stand trial in a habeas corpus petition, see Pollockv. Morris (1988), 35 Ohio St.3d 117, 518 N.E.2d 1205. On both issues, appellant had ample opportunity to challenge the court's ruling during trial or in direct appeal.
Appellant had an adequate remedy at law for each of these allegations. Ohio courts have long held that habeas corpus will not be substituted for appeal or post-conviction relief. In rePiazza (1966), 7 Ohio St.2d 102, 218 N.E.2d 459; Bellman v. Jago
(1988), 38 Ohio St.3d 55, 526 N.E.2d 308; Cornell v. Schotten
(1994), 69 Ohio St.3d 466, 467, 633 N.E.2d 1111. Appellant's second assignment of error is without merit.
In his first assignment of error, appellant asserts that it was error for the trial court to dismiss his petition for failure to file an affidavit listing his civil actions filed in the last five years, when he has filed none. It is not necessary to address the merits of this argument because even if appellant had complied with the requirements set forth in R.C. 2969.25(A), the trial court properly denied appellant's petition for the reasons discussed in the analysis of appellant's second assignment of error. See Norris v. Konteh (April 16, 1999), Trumbull App. No. 98-T-0030, unreported; Smith v. Walker (1998), 83 Ohio St.3d 431,700 N.E.2d 592. Appellant's first assignment of error is moot.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
______________________________________________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] Initially, appellant named Betty Mitchell as the appellee in this action. Subsequently, however, Chelleh Konteh replaced Mitchell as the warden of Trumbull Correctional Institute. As a result, Konteh has been substituted as the party to this appeal pursuant to App.R. 29(C)(1).