OPINION
Plaintiff-Appellant, Amy Lynch, f.n.a. Davidson, brings this appeal from a judgment of the Court of Common Pleas of Seneca County denying her objections to a magistrate's decision for untimely filing. Finding none of the arguments advanced on appeal meritorious, we affirm.
The record indicates that Amy and Defendant-Appellee, Phillip Davidson, were married in November 1989 with three children being born as issue of the relationship. In September 1992, Amy filed a complaint for divorce, citing gross neglect of duty, incompatibility, and extreme cruelty. The parties eventually executed a divorce agreement, providing, among other things, that Amy would act as the residential parent of the children, while Phillip would exercise reasonable visitation and include the children on his health insurance policy. The trial court approved the agreement and journalized it in an entry issued in August 1993.
Thereafter, the parties returned to court on several occasions, often filing motions for contempt for alleged failures to abide by specific orders pertaining to visitation and health care for the children. In 1999, Amy filed a motion to modify visitation. In assigning the matter for a hearing, the trial court also decided, on its own, to consider a change in the responsibility for the payment of uncovered medical expenses. The hearing took place before a magistrate on December 17, 1999.
The magistrate issued a decision on December 29, 1999, generally denying Amy's motion to modify visitation, while ordering minor changes in Phillip's summer visitation schedule. The magistrate also recommended that the responsibility for the payment of the children's uncovered medical expenses be altered so as to order Amy responsible for seventy-five percent of the costs. This decision was adopted by the trial court on the same day.
Amy filed objections to the magistrate's decision on January 14, 2000. The trial court dismissed the objections in a January 21st entry, stating that they were untimely under Civ.R. 53(E)(3)(a). On January 27, Amy then filed what was essentially a motion to reconsider, asserting that although the objections reached the office of the clerk of courts on time, the objections were not file stamped until January 14, two days outside the permissible time limit, due to the fault of the clerk. In support of this argument, Amy attached evidence from the United States Postal Service indicating the date and time that the objections actually reached the clerk's office. The trial court overruled the motion to reconsider on February 2, 2000. This timely appeal followed with Amy asserting two assignments of error for our review.
 Assignment of Error I The court erred in dismissing Appellant's objections to the magistrate's decision as being untimely filed, despite Appellant's proof that said objections had been delivered to the clerk's office for filing in a timely fashion.
As a threshold matter, we are obligated to address an apparent procedural problem that neither party has raised during this proceeding. In support of her argument that the trial court erred in dismissing the objections as untimely, Amy relies solely upon the aforementioned evidence from the United States Postal Service, which was attached to her motion for reconsideration. The Ohio Rules of Civil Procedure do not provide for motions for reconsideration as a method of attacking a final judgment. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus. The appropriate method for an aggrieved party to obtain relief from final judgment is a motion pursuant to Civ.R. 60. Thus, a motion for reconsideration must be deemed a nullity. Id.,67 Ohio St.2d at 382, n. 2.
In addition to this rule, we are guided by the well-established principle of appellate practice that a reviewing court can only consider the evidence that the trial court had before it. Franksv. The Lima News (1996), 109 Ohio App.3d 408, 411. It becomes clear then that we cannot review the evidence attached to Amy's motion to reconsider when determining the outcome of this assignment of error. See Id.
With that stated, we turn to discuss whether the trial court erred when it originally dismissed Amy's objections to the magistrate's decision. Civ.R. 53(E)(3)(a) governs the time for filing objections and provides, in pertinent part, that "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." The magistrate filed a decision in this matter on December 29, 1999. According to Civ.R. 53(E)(3)(a), objections should have been filed by January 12, 2000. Amy's objections to the magistrate's decision indicate a file stamped date of January 14, 2000. Stamping the date of filing on a pleading by the clerk of the court of common pleas is evidence that it was filed on that date.In re Hopple (1983) 13 Ohio App.3d 54, 55. Since the objections were not filed timely under the applicable civil rule, we find that the trial court did not commit reversible error through its original dismissal.
Amy's first assignment of error is overruled.
 Assignment of Error II The trial court's ruling that the allocation of responsibility for the children's out-of-pocket medical expenses should be modified was in error and is against the manifest weight of the evidence.
The argument advanced herein concerns the findings reached by the magistrate with regard to the reallocation of responsibility for the children's uncovered medical expenses. Civ.R. 53(E)(3)(b) states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." [emphasis added.] As we have previously determined, Amy did not object to the magistrate's finding in accordance with Civ.R. 53(E)(3)(a). This failure to object constitutes a waiver on appeal. See, generally,Steinmetz v. Steinmetz (Apr. 18, 2000), Seneca App. No. 13-99-52, unreported; Proctor v. Proctor (1988), 48 Ohio App.3d 55,58-59.
Amy's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 _________________________ WALTERS, J.
 SHAW and BRYANT, JJ., concur.