OPINION *Page 2 
{¶ 1} Appellant, J. Ro Sharp, appeals a judgment of the Mount Vernon Municipal Court overruling his motion to vacate his convictions and sentences for two counts of driving under suspension in violation of Mount Vernon City Ordinance 335.07 and one count of criminal damaging in violation of R.C. 2909.06. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On June 30, 2006, appellant was arrested for criminal damaging, and the allegations were set forth in a complaint. Appellant was convicted upon a no contest plea in Mount Vernon Municipal Court (case number 06CRB686). Appellant was issued a Uniform Traffic Ticket on July 2, 2006, for driving under suspension. He ultimately entered a plea of guilty to the charge and was convicted in Mount Vernon Municipal Court (case number 06TRD 3436). On August 16, 2006, he was again issued a traffic ticket for driving under suspension and was convicted upon a plea of no contest (case number 06TRD4460).[1]
 {¶ 3} The court sentenced appellant on all charges on January 5, 2007. On the criminal damaging charge (Case No. 06 CRB 686), appellant was fined $200.00 and sentenced to 90 days incarceration, with 60 suspended on conditions of successful completion of 2 years of reporting probation, having no similar offense for 2 years and payment of a minimum of $80 per month toward fines and costs. The sentence was to be served consecutively to the sentence imposed in case number 06TRD4460. In case *Page 3 
number 06TRD4460, the court fined appellant $150.00 for driving under suspension and sentenced him to 150 days incarceration, with 120 days suspended on condition of successful completion of two years of reporting probation. The jail time was to be served consecutively to case number 06CRB686. In case number 06TRD3436, the remaining driving under suspension conviction, appellant was fined $150.00 and sentenced to 180 days incarceration, to be served concurrently with the sentences in the other two cases, with the condition that if appellant successfully completed 60 days of work-release, the balance of the residential sanction would be suspended.
 {¶ 4} On October 1, 2007, appellant moved to void all three convictions and sentences on the basis that the complaints were not file-stamped nor noted on the certified transcript of the docket, and the court therefore lacked subject matter jurisdiction. The trial court denied the motion. Appellant filed a notice of appeal in each case, but has filed the same brief in each case, making the same legal arguments. Because the cases raise identical issues, we consolidate appellate numbers 08-2, 08-3 and 08-4 for purposes of opinion only.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DISMISS APPELLANT'S CASES WITH PREJUDICE, BASED UPON THE FACT THAT THE COMPLAINTS HAD NEVER BEEN FILED IN VIOLATION OF APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY LITIGATING A MATTER WITH WHICH THE TRIAL COURT DID NOT ENJOY SUBJECT-MATTER JURISDICTION. *Page 4 
 {¶ 8} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SUA SPONTE DISMISS APPELLANT'S CASE WITH PREJUDICE.
 {¶ 9} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO SUA SPONTE DISMISS APPELLANT'S CASES OR OTHERWISE GRANT APPELLANT'S MOTION TO DISMISS AND RENDER VOID BASED ON THE COURT'S AND APPELLEE'S PRESUMED KNOWLEDGE OF THE LACK OF SUBJECT MATTER JURISDICTION.
 {¶ 10} "V. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DISMISS APPELLANT'S CASE BECAUSE THE CHARGING DOCUMENT FAILED TO CHARGE AN OFFENSE.
 {¶ 11} "VI. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DISMISS APPELLANT'S CASE AS REQUIRED BY CRIMINAL RULE 48 IN THE INTERESTS OF JUSTICE."
 II {¶ 12} We address appellant's second assignment of error first, as it is dispositive of the appeal. In his second assignment of error, appellant argues that the court lacked subject-matter jurisdiction over the case because the charging instruments were not properly filed.
 {¶ 13} Appellee concedes that the traffic tickets and the criminal damaging complaint were neither file-stamped by the clerk of courts nor noted on the certified transcript of the docket. The charging documents are physically located in the file. Appellee argues that because the documents are physically in the file, they are "filed" because they are physically located with the other papers in the case, and as he *Page 5 
entered a plea on each case, appellant was aware of the charges against him. Appellee also argues that the issue is res judicata, and should have been raised by way of a timely direct appeal from his sentence or a timely motion for post-conviction relief.
 {¶ 14} In the absence of a sufficient formal accusation, a court acquires no jurisdiction whatsoever, and if it assumes jurisdiction, a trial and conviction are a nullity. State v. Miller (1988),47 Ohio App. 3d 113, 114, citing State v. Brown (1981) 2 Ohio App. 3d 400. The complaint is the jurisdictional instrument of the municipal court. Id. A court's subject matter jurisdiction is invoked by the filing of a complaint. In the Matter of: C.W., Butler App. No. CA2004-12-312,2005-Ohio-3905, ¶ 11. The filing of a valid complaint is therefore a necessary prerequisite to a court's acquiring jurisdiction. Columbus v.Jackson (1952), 93 Ohio App. 516, 518. We review the determination of subject matter jurisdiction de novo, without any deference to the trial court. State v. Thacker, Lawrence App. No. 04CA5, 2004-Ohio-3978, ¶ 9, citing McClure v. McClure (1997), 119 Ohio App.3d 76, 79.
 {¶ 15} Further, the defense of subject matter jurisdiction can never be waived. In the Matter of C.W., supra, citing Time Warner AxS v. Pub.Util. Comm., 75 Ohio St.3d 229, 223, 1996-Ohio-224. The absence of a criminal complaint cannot be waived by a plea of no contest or even guilty, since any conviction resulting from an invalid complaint is a nullity. State v. Bishop, (1993), Clark App. No. 3070, unreported. The question of subject matter jurisdiction is so basic that it can be raised at any stage before the trial court or any appellate court, or even collaterally in subsequent and separate proceedings. State v.Williams (1988), 53 Ohio App.3d 1, 4. *Page 6 
 {¶ 16} In State v. Wilson, 73 Ohio St.3d 40, 1995-Ohio-217, the defendant was convicted of grand theft in the Court of Common Pleas, General Division, when he was 17 years old. Twelve years later he moved to vacate the conviction on the grounds that, because he was a juvenile at the time of the offense and a bindover had not occurred, the court lacked subject matter jurisdiction. The Ohio Supreme Court found that the conviction was void ab initio because, absent a bindover from the juvenile court, the common pleas court general division lacked subject matter jurisdiction. Id. at 44. A party's failure to challenge a court's subject matter jurisdiction cannot be used to bestow jurisdiction on a court where there is none. Id. at 46. Where a conviction is void ab initio for lack of subject matter jurisdiction, a post-conviction motion to vacate is not barred by the doctrine of res judicata. Id. at 45.
 {¶ 17} In the instant case, if the complaints were not properly filed, the convictions are void ab initio for want of subject mater jurisdiction, as the jurisdiction of the Mount Vernon Municipal Court was never invoked. Further, appellant is not barred from raising the issue at this stage in the proceedings, as subject matter jurisdiction cannot be waived. Therefore, the only issue remaining is whether the complaints were "filed" so as to invoke the court's jurisdiction.
 {¶ 18} R.C. 1901.31(E) sets forth the duties of the clerk of the municipal court regarding the filing of papers:
 {¶ 19} ". . . The clerk shall do all of the following: file and safely keep all journals, records, books, and papers belonging or appertaining to the court . . .
 {¶ 20} "The clerk shall prepare and maintain a general index, a docket, and other records that the court, by rule, requires, all of which shall be the public records of the *Page 7 
court. In the docket, the clerk shall enter, at the time of the commencement of an action, the names of the parties in full, the names of the counsel, and the nature of the proceedings. Under proper dates, the clerk shall note the filing of the complaint, issuing of summons or other process, returns, and any subsequent pleadings. The clerk also shall enter all reports, verdicts, orders, judgments, and proceedings of the court, clearly specifying the relief granted or orders made in each action . . ."
 {¶ 21} All judgments and other papers must be file-stamped on the date they are filed. In re Hopple (1983), 13 Ohio App.3d 54, 55. In the absence of a file-stamped date, certified proof of journalization consists of proof by reference to a certified copy of the trial court clerk's docket sheet on which the dates of judgment entries are normally entered and kept. Id. Of necessity, a court of appeals must rely upon the certification of the clerk of the trial court as to what constitutes the record on appeal. Holland v. Mike Amer, dba American DesignersCompany (1979), Franklin App. No. 70AP-106, unreported. Papers included in the file but not properly certified by the clerk of the trial court as part of the record on appeal cannot be considered by the appellate court as part of the record. Id. As this Court has previously held, where documents are not file stamped by the clerk of courts nor is their filing noted on the docket, we do not know how or when they found their way into the file, and we will not presume the documents were properly before the court. State v. Dillon (1994), Licking App. No. 94CA38, unreported.
 {¶ 22} In the case sub judice, the complaints are attached to the other papers filed in the case and given the number "1" in the corner of said documents. They are not file-stamped, nor is their filing noted on the certified transcript of the docket entries. *Page 8 
While they are given a docket number, the transcript of docket entries begins with entry number two and does not reference document number one. However, in each case the clerk of courts has certified to this court that the papers numbered one through the final document number "are the original pleadings and other papers filed in said cause."
 {¶ 23} However, we find the clerk's certification is insufficient to render the documents "filed" when she has not file-stamped the documents nor noted the filing and date of filing in the certified transcript of docket entries. As we held in Dillon, supra, where documents are not noted on the docket nor file-stamped, we do not know how or when they found their way into the file. We therefore do not know that they were filed before the court entered judgments of conviction and sentence on appellant's cases. As a properly filed complaint is necessary to invoke the subject matter jurisdiction of the court, we cannot determine, in the absence of proof of the date of filing, that the court had subject matter jurisdiction over appellant when he was convicted and sentenced. We cannot presume that the documents were properly before the court.
 {¶ 24} The assignment of error is sustained.
 {¶ 25} Assignments of error I, III, IV, V, and VI are rendered moot by our decision on assignment of error two. *Page 9 
 {¶ 26} The judgment of conviction and sentence of the Mount Vernon Municipal Court is vacated.
Edwards, J., Hoffman, P.J., and Wise, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of conviction and sentence of the Mount Vernon Municipal Court is vacated. Costs assessed to appellee.
[1] In his brief, appellant also argues that he was charged by complaint with possession of marijuana in violation of R.C. 2925.11(A). Appellant attaches documents pertaining to that charge to his brief. However, the judgment appealed from does not reference that case, nor did appellant file a notice of appeal under that case number. We therefore do not have that judgment before us for review. *Page 1