POLLOCK, APPELLANT, *v.* MORRIS, SUPT., APPELLEE.

[Cite as Pollock *v.* Morris (1988), 35 Ohio St. 3d 117.]

(No. 87-971—Decided February 10, 1988.)

*Mark L. Pollock, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Alexander G. Thomas,* for appellee.

*Per Curiam.* R.C. 2725.05 provides, in pertinent part, that:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. * * *"

Appellant maintains that he is entitled to a writ of habeas corpus inasmuch as no other legal remedy is available to him. He asserts that he was incompetent at the time he withdrew his not guilty plea and pleaded guilty. Appellant further argues that the issues of competency and drug dependency are *res judicata,* since they were raised in the trial court, and therefore no post-conviction remedies are available to him.

Clearly, whether appellant made a guilty plea knowingly and voluntarily is a matter to be resolved at post-conviction proceedings or on direct appeal. Further, appellant is mistaken when he asserts that because he might have been incompetent at the time he made the plea, the trial court had no jurisdiction over him and therefore improperly exercised its jurisdiction.

This court has held that:

"Habeas corpus is not the proper mode of redress where the petitioner

has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. The availability of the post conviction remedies provided by R.C. 2953.21 to 2953.24, inclusive, is ground for denial of a writ of habeas corpus * * *." *Padavick* v. *Cleveland Heights* (1973), 34 Ohio St. 2d 15, 16, 63 O.O. 2d 40, 41, 295 N.E. 2d 193, 194.

Further, while a party detained pursuant to a judgment of a court is entitled to a writ of habeas corpus if that court lacked jurisdiction to enter the judgment, nonjurisdictional errors afford no basis for issuing the writ. Habeas corpus is not a substitute for appeal. *Stahl* v. *Shoemaker* (1977), 50 Ohio St. 2d 351, 354, 4 O.O. 3d 485, 487-488, 364 N.E. 2d 286, 288.

Appellant has failed to satisfy the statutory requirements for issuing a writ of habeas corpus and the court of appeals properly dismissed his petition. Accordingly, the decision of the court of appeals must be affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.