OPINION
This is a habeas corpus action in which petitioner, Johnny Griffin, is seeking his immediate release from a state penitentiary. Upon reviewing the allegations set forth in the habeas corpus petition, this court concludes that petitioner has failed to assert a viable claim which would support the issuance of the writ. Therefore, the petition will be suasponte dismissed under Civ.R. 12(B)(6).
Petitioner is incarcerated at the Trumbull Correctional Institution in Leavittsburg, Ohio. Respondent, Julius Wilson, is the warden of that penitentiary. According to the habeas corpus petition, petitioner's confinement is based on a February 1991 judgment entry of the Cuyahoga County Court of Common Pleas, in which he was convicted of felonious assault and kidnapping.
In now asserting that his present incarceration is unlawful, petitioner alleges that his conviction for felonious assault should be declared void because the trial court did not have the requisite jurisdiction to try him on that count. Specifically, petitioner states that, even though he was charged with aggravated murder under the first count of the indictment against him, the trial court amended that count at the conclusion of his trial and instructed the jury on the offense of felonious assault. Petitioner further asserts that this amendment was improper, and accordingly deprived the trial court of its authority to convict him, because felonious assault is not a lesser included offense of aggravated murder.
In considering allegations quite similar to the foregoing, this court has expressly held that a supposed error in the amendment of an indictment cannot form the basis of a proper claim in habeas corpus. InState ex rel. Beaver v. Konteh (May 29, 1998), Trumbull App. No. 98-T-0073, unreported, 1998 Ohio App. Lexis 2343, we adopted the following analysis:
 "`As a general proposition, a writ of habeas corpus will not be issued when the petitioner's incarceration is predicated upon a judgment of a court of record which had jurisdiction to render the judgment. R.C. 2725.05; Wireman v. Ohio Adult Parole Auth.
(1988), 38 Ohio St.3d 322, * * *. Based upon this general requirement, the Supreme Court of Ohio has held that an allegation of a nonjurisdictional error by a trial court does not state a viable basis for the issuance of the writ. Pollock v. Morris (1988), 35 Ohio St.3d 117, * * *. Consistent with the foregoing holding, the court has also stated that an action in habeas corpus cannot be used as a substitute for an appeal. Id. at 118.' Harman v. Konteh * * * (Mar. 13, 1998), Trumbull App. No. 98-T-0021, unreported.
 "Applying the foregoing precedent to the habeas corpus petition in the instant case, this court concludes that neither of petitioner's arguments state a viable claim because he could have raised the issues [concerning] his conviction in his appeal.
* * *
 "This analysis is also controlling as to petitioner's second argument. Although he has worded this argument in a number of different ways in his petition, he essentially asserts that the juries in both trials should not have been allowed to consider the offense of felonious assault because the indictment against him was never amended to charge him with that offense. However, consistent with the foregoing holding concerning the validity of the original indictment, the Supreme Court of Ohio has stated that a habeas corpus action cannot be used to attack the validity of an amended indictment because such an attack can be made in a direct appeal. State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, * * *. Clearly, this analysis would extend to the question of whether it was necessary to amend the indictment before the jury could consider a new offense." Id. at 2-5.
 Similarly, in Thomas v. Collins (1996), 74 Ohio St.3d 413, the defendant based his habeas corpus petition upon the allegation that the trial court had lacked the jurisdiction to convict him because he had not been charged with complicity in the indictment. In upholding the dismissal of the petition, the Supreme Court of Ohio first concluded that the issue raised by the defendant was not jurisdictional in nature. The court then noted that, although a habeas corpus petition can be predicated upon a nonjurisdictional issue when a petitioner did not have an adequate remedy at law, this exception did not apply in that instance because the defendant could have asserted the issue in a direct appeal. See, also, Nooks v. Edwards (July 24, 1997), Ross App. No. 97CA2271, unreported, 1997 Ohio App. Lexis 3195.
In light of the foregoing, it follows that even if the allegations in the instant petition are presumed to be true, they are legally insufficient to show that petitioner is entitled to be released. That is, the assertion that the trial court in the underlying proceeding improperly amended the aggravated murder charge cannot form the basis of a habeas corpus claim because petitioner could have challenged this procedure in an appeal from the conviction. On this ground alone, the dismissal of the petition is warranted.
As an aside, this court would also note that petitioner has not made any allegation as to the validity of his conviction for kidnapping. Moreover, petitioner has not alleged that his sentence on this separate count, which was initially set for an indefinite term of thirteen to twenty-five years, has been completed. Thus, even if petitioner's allegation as to the felonious assault conviction were legally sufficient to state a viable claim, he still would not be entitled to the issuance of a writ because there would still be a proper basis for his continued confinement. See Ball v. Maxwell (1964), 177 Ohio St. 39.
As petitioner's habeas corpus petition fails to state a viable claim upon which the requested relief could be granted, it is the sua sponte
order of this court that the petition is hereby dismissed.
PRESIDING JUDGE WILLIAM M. O'NEILL
JUDGE JUDITH A. CHRISTLEY, JUDGE ROBERT A. NADER.