JOURNAL ENTRY AND OPINION
Gary K. McDonald, petitioner, has filed a petition for a writ of habeas corpus against respondents, Judge Timothy McGinty of the Cuyahoga County Court of Common Pleas and Gerald McFaul, Cuyahoga County Sheriff. Petitioner claims that the revocation of his probation violates the due process standards of the Ohio and federal constitutions because he did not commit any violation of his probation. He also claims that his incarceration constitutes cruel and unusual punishment and is a violation of equal protection.
A review of the petition indicates that petitioner has failed to comply with the requirements of R.C. 2725.04(D) which requires that a copy of the commitment or cause of detention be submitted. In postconviction cases, the attachments must also relate to the various claims made in the petition. Brown v. Rogers (1995), 72 Ohio St.3d 339, 650 N.E.2d 422. Petitioner has not attached any order of the trial court with respect to his conviction, probation or revocation of probation. Absent compliance with R.C. 2725.04(D), dismissal of a petition for a writ of habeas corpus is warranted. Bloss v. Rogers (1992), 65 Ohio St.3d 145, 602 N.E.2d 602; Sostre v. McFaul (Mar. 23, 2000), Cuyahoga App. No. 77755, unreported.
In addition, a writ of habeas corpus will not be allowed if it appears that a petitioner is being held pursuant to the judgment of a court possessing jurisdiction to render such a judgment. R.C. 2725.05. Petitioner's claim that his probation was wrongfully revoked because he did not commit a violation of his probation does not present a jurisdictional challenge to the competency of the court, but rather is an issue which may be raised on appeal. The writ of habeas corpus cannot be used as a substitute for an appeal. In re Petition of Brown (1990),49 Ohio St.3d 222, 551 N.E.2d 954; Pollock v. Morris (1988),35 Ohio St.3d 117, 518 N.E.2d 1205.
Accordingly, case is dismissed. Costs assessed against petitioner.
TIMOTHY E. McMONAGLE, P.J. AND COLLEEN C. COONEY, J., CONCUR.