OPINION
{¶ 1} Appellant, Lester Pike Hassink, appeals the February 10, 2003 judgment entry, in which the Ashtabula County Court of Common Pleas dismissed his habeas corpus petition that was filed on October 23, 2002.
 {¶ 2} The basis for appellant's present incarceration is a January 2000 criminal conviction in the Columbiana County Court of Common Pleas. In that underlying proceeding, appellant entered a plea of guilty to escape and aggravated theft. He was sentenced to a four year prison term for aggravated theft to be served consecutively to the twelve-month sentence he received for escape. Appellant filed an appeal alleging that the trial court abused its discretion when it did not allow him to withdraw his guilty plea. See State v. Hassink (Nov. 20, 2000), 7th District Nos. 2000-CO-11 and 2000-CO-12, 2000 WL 1741727. In his motion to withdraw his guilty pleas, appellant argued that his former counsel had ineffectively explained bond release. The Seventh Appellate District affirmed the decision of the lower court. Id. at 7. Appellant appealed to the Ohio Supreme Court, but the appeal was ultimately dismissed.
 {¶ 3} As grounds for the instant case, appellant asserts that his incarceration is the result of a criminal trial conspiracy which would render his conviction and sentence void and that the Columbiana Court of Common Pleas was without subject matter jurisdiction and changed the charged offense of failure to appear to escape which is not a lesser included offense of the originally charged one. On November 25, 2002, appellee, Reginald Wilkinson, the director of the Department of Rehabilitation and Correction, filed an answer to the writ of habeas corpus.
 {¶ 4} The Ashtabula County Court of Common Pleas dismissed the petition for habeas corpus on February 10, 2003. Appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 5} "The Habeas Corpus Court erred and abused its discretion by adopting the inapt, erroneous arguments of [respondent], thereby totally ignoring the meritorious claims of [petitioner], to which said claims sufficiently demonstrated that the Columbiana Courts of Common Pleas acted in the clear absence of their subject matter jurisdiction, thereby causing each judgment and sentence to be absolutely void."
 {¶ 6} Under his lone assignment of error, appellant alleges that the Ashtabula County Court of Common Pleas abused its discretion by adopting appellee's arguments and ignoring his claims that the Columbiana Court of Common Pleas was without subject matter jurisdiction.
 {¶ 7} A habeas corpus action "will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief."State ex rel. Jackson v. McFaul (1995), 73 Ohio St.3d 185, 186. Furthermore, the issue of whether the petitioner made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved through a motion to withdraw the guilty plea, a direct appeal, or postconviction proceedings, rather than in habeas corpus. Pollock v. Morris (1988), 35 Ohio St.3d 117, 117-118.
 {¶ 8} Generally, a writ of habeas corpus can be granted only if the prisoner can establish that his conviction was entered by a trial court which lacked proper jurisdiction over the underlying case. Elersic v. Wilson, 11th Dist. No. 2003-T-0070, 2003-Ohio-4229, at ¶ 5. Hence, a habeas corpus claim will be subject to dismissal under Civ.R. 12(B)(6) when the prisoner's allegations are such that, even if construed in a light most favorable to him, they are insufficient to show that the prisoner will be able to prove a set of facts indicating that the trial court did not have jurisdiction to render the conviction.Schrock v. Gansheimer (May 24, 2002), 11th Dist. No. 2002-A-0003, 2002-Ohio-2666, at ¶ 4.
 {¶ 9} Applying the foregoing standards to the allegations in the instant case, this court concludes that the dismissal of the habeas corpus petition was warranted because appellant's allegations were not legally sufficient to assert an issue which properly attacks the jurisdiction of the trial court to enter the underlying conviction against him. Furthermore, even when the allegations in the habeas corpus petition are interpreted in a manner most favorable to appellant, they show that he will not be able to prove that he is entitled to be released immediately. Appellant initially challenged the Columbiana County Court of Common Pleas' decision not to allow him to withdraw his guilty plea and is also raising the same claim in this matter. Additionally, appellant had the opportunity to appeal the issue of subject matter jurisdiction in the direct appeal to the Seventh Appellate District, but failed to do so and, thus, cannot now raise that issue in a habeas corpus action. See, generally,State ex rel. Moore v. Ohio Adult Parole Auth., 8th Dist. No. 81757, 2003-Ohio-1844, at ¶ 6.
 {¶ 10} Moreover, the other constitutional arguments appellant advances are waived because he entered into a guilty plea. A plea of guilty effectively waives all constitutional infirmities that may have occurred prior to the submission of the plea, unless such infirmities are shown to have precluded the defendant from knowingly and voluntarily entering into his or her plea pursuant to Crim.R. 11. State v. Kelley (1991), 57 Ohio St.3d 127, 130.
 {¶ 11} For the foregoing reasons, appellant's lone assignment of error is not well taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
Judgment affirmed.
Christley and Grendell, JJ., concur.