ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Tommie Jerninghan, Jr., has filed a petition for a writ of habeas corpus against Gerald T. McFaul, Cuyahoga County Sheriff. Jerninghan claims that the revocation of his probation was improper which requires his release from prison.[1] McFaul has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} Initially, we find that the petition for a writ of habeas corpus is procedurally defective and must be dismissed.
R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore
(2001), 91 Ohio St.3d 323, 744 N.E.2d 763 and State ex rel. Crigger v.Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254.In Vore the Supreme Court of Ohio was adamant that unverified petitionsfor habeas corpus be dismissed; it reversed the granting of relief in ahabeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilsonv. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported andState ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. (Emphasis added.)
State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2.
 {¶ 3} Herein, Jerninghan has not verified the petition for a writ of habeas corpus and has failed to comply with Loc. App.R. 45(B)(1)(a) which mandates that the petition be supported by a sworn affidavit. In addition, Jerninghan has failed to comply with the requirements of R.C.2725.04(D) which provides that a copy of the commitment or cause of detention be attached to the petition for a writ of habeas corpus. Brownv. Rogers (1995), 72 Ohio St.3d 339, 650 N.E.2d 422; Bloss v. Rogers
(1992), 65 Ohio St.3d 145, 602 N.E.2d 602; Sostre v. McFaul (Mar. 23, 2000), Cuyahoga App. No. 77755. It must also be noted that Jerninghan has failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel.Akbar-El v. Cuyahoga Cty. Court of Common Pleas, 94 Ohio St.3d 210,2002-Ohio-475, 761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty.Clerk of Courts, 92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 94. Accordingly, the petition for a writ of habeas corpus must be dismissed.
 {¶ 4} Finally, this court will not issue a writ of habeas corpus if it appears that Jerninghan is being held pursuant to the judgment of a court that possesses jurisdiction to revoke his community control sanctions. R.C. 2725.05; McDonald v. Judge McGinty (Jan. 24, 2001), Cuyahoga App. No. 79108. Herein, the trial court did possesses the jurisdiction to revoke Jerninghan's community control sanctions pursuant to R.C.2929.15(B). Any issues which may be raised as a result of the revocation of Jerninghan's community control sanctions must be raised on appeal. Habeas corpus may not be employed as a substitute for an appeal. In rePetition of Brown (1990), 49 Ohio St.3d 222, 551 N.E.2d 954; Pollock v.Morris (1988), 35 Ohio St.3d 117, 518 N.E.2d 1205.
 {¶ 5} Accordingly, we grant McFaul's motion to dismiss. Costs to Jerninghan. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B). Petition dismissed.
Celebrezze, Jr., J., concurs.
 Gallagher, J., concurs.
[1] Jerninghan was sentenced to two years of community control sanctions on April 20, 2004 and not placed on probation pursuant to R.C. 2951.09, R.C. 2951.13, and Crim.R. 32.3.