OPINION AND JOURNAL ENTRY
{¶ 1} This is an original action in which pro-se Petitioner, John H. Johnson, seeks his release from the Noble Correctional Institution. He asserts that he was unlawfully imprisoned for his post-release control violation. Petitioner claims that the Stark County Adult Parole Authority violated the separation of powers when it, and not the trial court, placed him on post-release control. This is his sole basis for his habeas corpus claim.
 {¶ 2} On January 10, 2006, Respondents, Jeffrey A. Wolfe, Warden of the Noble County Correctional Institution, et. al, filed a Civ.R. 12(B)(6) motion to dismiss Petitioner's petition. For the following reasons, the motion to dismiss is hereby sustained.
 {¶ 3} Civ.R. 12(B)(6) authorizes a court to dismiss a cause for failure to state a claim upon which relief can be granted. The Ohio Supreme Court has generally limited habeas corpus review to matters in which the petitioner can establish that he was convicted by a court that lacked proper jurisdiction. State exrel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593,635 N.E.2d 26. As such, a habeas corpus claim is typically subject to Civ.R. 12(B)(6) dismissal when, in construing the petitioner's allegations in light most favorable to him, the allegations fail to show that the trial court did not have jurisdiction to render the conviction. Schrock v. Gansheimer, 11th Dist. No. 2002-A-0003, ¶ 4.
 {¶ 4} In the instant cause, Petitioner seeks relief under R.C. § 2725.01, which allows one unlawfully imprisoned to inquire into the cause of his imprisonment. However, as Respondents point out, Petitioner failed to attach a copy of his commitment papers as required under R.C. § 2725.04(D). The Ohio Supreme Court has repeatedly held that the failure by a petitioner to attach copies of the applicable commitment papers constitutes a fatal defect requiring dismissal of the habeas corpus petition. Johnson v.Bobby, 103 Ohio St.3d 96, 814 N.E.2d 61, 2004-Ohio-4438, ¶ 6-7
citing R.C. § 2725.04(D); State ex rel. McCuller v. Callahan,98 Ohio St.3d 307, 784 N.E.2d 108, 2003-Ohio-858; Boyd v. Money
(1998), 82 Ohio St.3d 388, 389, 696 N.E.2d 568.
 {¶ 5} Petitioner has attempted to cure his error by the later submission of his commitment papers, which were filed with this Court after Respondents' motion to dismiss. However, Petitioner's subsequent submission of the commitment papers does not cure this fatal flaw in his petition. Cornell v. Schotten (1994),69 Ohio St.3d 466, 633 N.E.2d 744; Stevenson v. State (July 12, 1995), 9th Dist. No. 94CA005943, 1; Rideau v. Russell (April 23, 2001), 12th Dist. No. CA2000-07-065, 2.
 {¶ 6} Moreover, Petitioner's claim also lacks merit as he could have addressed his underlying claim in a direct appeal from the allegedly erroneous sentencing. A writ of habeas corpus is only available in extraordinary circumstances, when the petitioner is unlawfully restrained and has no adequate legal remedy, such as an appeal or postconviction relief. In reColeman (2002), 95 Ohio St.3d 284, 767 N.E.2d 677. Any error that Petitioner claims in his sentencing could have been properly addressed in a direct appeal. Pollock v. Morris (1988),35 Ohio St.3d 117, 117-118, 518 N.E.2d 1205. "Habeas corpus is not a substitute for appeal." Id. citing Stahl v. Shoemaker (1977),50 Ohio St.2d 351, 354, 364 N.E.2d 286.
 {¶ 7} As previously noted, Petitioner is incarcerated apparently as a result of a violation of his post-release control. Petitioner claims that the Stark County Adult Parole Authority, and not the trial court, placed him on post-release control following his incarceration for felonious assault. Thereafter, Appellant admits that he failed to report to his probation officer as required under post-release control. In fact, he pleaded guilty to escape as a result of his post-release control violation.
 {¶ 8} Notwithstanding, Petitioner now claims that the Stark County Adult Parole Authority violated the separation of powers and that his period of post-release control was illegal; thus, this sanction is void.
 {¶ 9} Clearly, Petitioner could have addressed these concerns in a direct appeal following his conviction and sentencing for felonious assault inasmuch as the trial court clearly explained the possibility of post-release control on the record. Appellant did not file the appropriate appeal. Accordingly, we must dismiss Petitioner's habeas corpus petition since it fails to state a claim for which relief can be granted.
 {¶ 10} Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.