[Cite as *Smith v. Sheldon*, 2018-Ohio-3233.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| EDDIE LEE SMITH | : | Hon. W. Scott Gwin, P. J. |
| | : | Hon. Patricia A. Delaney, J. |
| Petitioner-Relator | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 18CA47 |
| EDWARD SHELDON | : | |
| | : | |
| Respondent | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      August 8, 2018

APPEARANCES:

For Petitioner-Relator

For Respondent

EDDIE LEE SMITH PRO SE
#691507
Mansfield Correction Institution
1150 North Main St.
Mansfield, OH  44901

JERRI FOSNAUGHT
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, OH 43215

*Gwin, P.J.*

**{¶1}** Petitioner, Eddie Lee Smith, has filed a Petition for Writ of Habeas Corpus arguing he must be released from prison because his sentences are void. Respondent has filed a Motion to Dismiss.

**{¶2}** Petitioner argues his sentences are void because (1) the trial court improperly imposed community control and a prison sentence for the same convictions, (2) his plea was not knowing, intelligent and voluntary, (3) he was not notified of his right to appeal, and (4) the trial court failed to include a 58(B) notice in the trial court's June 1, 2016 entry of conviction.

## FACTS

**{¶3}** Petitioner is imprisoned pursuant to his convictions in Summit County Common Pleas Court, Case Numbers CR 2015 09 2837 and CR 2015 12 3774.

**{¶4}** In CR 2015 09 2837, Petitioner was convicted of one count of robbery and one count of weapons under disability. He was given a community control sanction of 24 months on both counts. The sentencing entry indicated that the trial court "reserved" 36 months in prison should Petitioner violate the terms of community control. Five months after his initial sentence, Petitioner was found to have violated community control and received a 36 month prison sentence ordered to be served consecutive to the sentence in Case Number CR 2015 12 3774.

**{¶5}** In CR 2015 12 3774, Petitioner was convicted of obstructing justice. He initially received a community control sanction wherein the judgment entry indicated a prison term of 12 months was "reserved" should Petitioner violate the terms of community

control. He was found to have violated community control and received a sentence of 12 months in prison consecutive to Case Number CR 2015 09 2837.

## HABEAS CORPUS

{¶6} R.C. 2725.01, which establishes which persons are entitled to a writ of habeas corpus, states "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody of such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

{¶7} A writ of habeas corpus will generally lie only when a prisoner can show that his/her confinement is illegal because the trial court never had the requisite jurisdiction to convict or his/her sentence has expired. *McKay v. Gansheimer,* 11th Dist. No.2003–A–0123, 2004–Ohio–4284. A writ of habeas corpus is an extraordinary writ which may not be used if an adequate remedy at law exists. *Heddleston v. Mack,* 84 Ohio St.3d 213 (1998); *Burch v. Perini,* 66 Ohio St.2d 174 (1981). Sentencing errors by a trial court that had proper jurisdiction cannot be remedied by extraordinary writ. *Majoros v. Collins,* 64 Ohio St.3d 442 (1992). Habeas corpus is not a substitute for appeal or post-conviction relief. *Daniel v. State,* 98 Ohio St.3d 467, 2003–Ohio–1916.

## DUAL SENTENCES

{¶8} Petitioner claims the trial court lacked jurisdiction to sentence him to both community control and prison at the same time, however, the trial court did not sentence him to both at the same time. Initially, he was sentenced to community control. Thereafter, when he was found to have violated community control, he was sentenced to prison. Petitioner argues when the trial court initially granted community control and

"reserved" a prison sentence in the event of violation of community control this equated to both a sentence of community control and a sentence of prison simultaneously. Any challenge to the propriety of the sentence could have been challenged on appeal. An appeal provides an adequate remedy at law which precludes the issuance of the writ of habeas corpus.

{¶9} "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004–Ohio–5579, 816 N.E.2d 594, ¶ 6.

### VALIDITY OF PLEA

{¶10} Next, Petitioner claims his sentence is void because his guilty plea was not valid because it was not knowingly, intelligently, and voluntarily made. The Supreme Court has held, "[W]hether appellant made a guilty plea knowingly and voluntarily is a matter to be resolved at post-conviction proceedings or on direct appeal . . . Habeas corpus is not a substitute for appeal." *Pollock v. Morris*, 35 Ohio St.3d 117, 118, 518 N.E.2d 1205, 1206 (1988).

{¶11} Petitioner could have raised the issue of the validity of his plea on direct appeal or in post-conviction proceedings. Therefore, habeas corpus does not lie.

### NOTIFICATION OF APPELLATE RIGHTS

{¶12} The failure of a trial court to advise of appellate rights would result in a resentencing and not release from prison. *State v. Hunter*, 8th Dist. Cuyahoga No. 92626, 2010-Ohio-657.

{¶13} "A trial court's failure to notify a defendant concerning appeal rights, however, does not render a sentence void. *State v. Barnes,* 12th Dist. No. CA2014–03–

049, 2015–Ohio–651, ¶ 27" State *v. Smotherman*, 10th Dist. Franklin No. 16AP-471, 2016-Ohio-8133, ¶ 13.

**{¶14}** Habeas Corpus does not lie based upon the failure of a trial court to notify a defendant of appellate rights.

INSTRUCTIONS TO THE CLERK PURSUANT TO CIV.R. 58(B)

**{¶15}** Finally, Petitioner argues he is entitled to release because the trial court failed to issue instructions to the clerk for service as required by Civ.R. 58(B). Specifically, he argues the trial court's entry of June 1, 2016 should have contained a Civ. R. 58 (B) notice to the clerk for service. The June 1, 2016 entry is an entry of conviction in a criminal case. Rule 58(B) is found in the civil rules and is inapplicable to sentencing entries.

**{¶16}** "Civ.R. 58(B) is not applicable to a criminal action or judgment. *Henderson v. Saffold*, 8th Dist. No. 100406, 2014-Ohio-306, ¶ 7, citing *State ex rel. Aziz v. Fuerst*, 8th Dist. No. 78018, 2000 WL 1222028, 2000 Ohio App. LEXIS 3833 (Aug. 24, 2000). However, Civ.R. 58(B) does apply to decisions on postconviction petitions. *State v. Nichols*, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984), paragraph two of the syllabus ("Postconviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions."); *see also State v. Tucker*, 8th Dist. No. 95556, 2011-Ohio-4092, ¶ 9–14; *State v. McKinney*, 3d Dist. No. 4-11-01, 2011-Ohio-3521, ¶ 12–17." *State v. Barber*, 10th Dist. Franklin No. 16AP-172, 2017-Ohio-9257, ¶ 14, *appeal not allowed,* 152 Ohio St.3d 1466, 2018-Ohio-1795, 97 N.E.3d 501, ¶ 14.

**{¶17}** Because the judgment entry of June 1, 2016 is the sentencing entry and not an entry relative to post-conviction relief, service pursuant to Civ.R. 58(B) is inapplicable.

{¶18} Petitioner has not demonstrated he is entitled to release from prison and has not demonstrated his entitlement to a writ of habeas corpus. Therefore, the motion to dismiss is granted.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur