[Cite as *State v. Cuthbert*, 2019-Ohio-96.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18-CA-33 |
| FRANK M. CUTHBERT | |
| Defendant – Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:    Appeal from the Fairfield County Court of
                             Common Pleas, Case No. 2008-CR-150


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 14, 2019


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant

KENNETH W. OSWALT                   FRANK M. CUTHBERT
Assistant Fairfield County Prosecutor   Inmate No. A588-240
239 W. Main Street, Suite 101       Chillicothe Correctional Institution
Lancaster, Ohio  43130              P.O. Box 5500
                                    Chillicothe, Ohio  45601

*Hoffman, J.*

**{¶1}** Appellant Frank M. Cuthbert appeals the judgment entered by the Fairfield County Common Pleas Court overruling his verified motion to correct sentence. Appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On May 9, 2008, the Fairfield County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and one count of weapons under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. On August 15, 2008, Appellant entered a plea of guilty to the charges contained in the indictment. He was sentenced to an aggregate prison sentence of nineteen (19) years. Upon appeal to this Court, the judgment of conviction and sentence was affirmed. *State v. Cuthbert,* 5th Dist. Fairfield No. 08 CA 75, 2009-Ohio-4856.

**{¶3}** Appellant filed a "motion for re-sentencing based upon void judgment" on November 2, 2015. The trial court overruled the motion. His appeal to this Court was dismissed as untimely filed.

**{¶4}** On May 16, 2018, Appellant filed a "verified motion to correct sentence." The trial court overruled the motion on June 26, 2018, finding it had previously ruled on the same issues on November 2, 2015.

**{¶5}** It is from the June 26, 2018 entry overruling his motion to correct sentence Appellant prosecutes his appeal, assigning as error:

---

[1] A recitation of the facts is unnecessary to our disposition of Appellant's assignments of error.

I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT CUTHBERT'S PROPERLY FILED VERIFIED MOTION TO CORRECT SENTENCE UNDER THE VOID SENTENCING DOCTRINE WHEN HIS SENTENCES FAIL TO FOLLOW AND INCORPORATE THE MANDATORY STATUTORY REQUIREMENTS UNDER O.R.C. 2929.13(F) AND O.R.C. 2929.14(C)(4).

II. TRIAL COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL WHEN FAILING TO OBJECT TO THE IMPOSITION OF A VOID SENTENCE THAT DOES NOT INCLUDE THE STATUTORY MANDATES AS PRESCRIBED BY THE GENERAL ASSEMBLE [SIC] UNDER O.R.C. 299.13(F) AND O.R.C. 2929.14(C)(4), SHOULD HAVE ALSO BEEN RAISED ON DIRECT APPEAL.

I.

{¶6} Appellant argues the court erred in overruling his motion to correct sentence. He argues his sentence was void because the trial court failed to make findings necessary to impose consecutive and mandatory sentences, failed to notify him of his right to appeal in his sentencing entry, sentenced him disproportionately, and failed to merge offenses which were allied offenses of similar import.

{¶7} We find the trial court's finding it had previously addressed Appellant's claims on November 2, 2015, is inaccurate. The November 2, 2015 motion for re-sentencing based upon void judgment raised different issues than those raised by

Appellant's May 16, 2018 motion. However, we find the issues raised in Appellant's 2018 motion are barred by res judicata based on his failure to raise them on direct appeal.

**{¶8}** Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from the judgment of conviction, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in the judgment of conviction, or on direct appeal from the judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus.

**{¶9}** Appellant first argues the court failed to make findings required by statute to impose consecutive sentences. At the time Appellant was sentenced, Ohio law did not require the trial court to make any findings associated with the imposition of consecutive sentences based on the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. H.B. 86, which revived the statutes requiring the court to make findings in support of consecutive sentences, was not retroactive. *State v. Davis,* 5th Dist. Muskingum No. CT2011-0033, 2012-Ohio-4922, ¶37.

**{¶10}** Further, even if findings had been necessary, the omission of findings does not render a sentence void, and Appellant's argument is barred by res judicata, as it was required to be raised on direct appeal. *State v. Wofford,* 5th Dist. Stark No. 2016CA00087, 2016-Ohio-4628, ¶¶21-23.

**{¶11}** Appellant also argues the trial court was required to make findings before imposing a mandatory sentence. By operation of R.C. 2929.13(F)(2), Appellant's rape conviction carried a mandatory sentence, and no factual findings were required to be made. Rather, the only finding required by the court was legal in nature. See *State v.*

*Willan,* 144 Ohio St.3d 94, 2015-Ohio-1475, 41 N.E.3d 3666, ¶16. Furthermore, such alleged failure could have been raised upon direct appeal and is also now barred by res judicata.

**{¶12}** Appellant argues his sentence was void because the sentencing entry does not notify him of his right to appeal. A trial court's failure to notify a defendant concerning appeal rights, however, does not render a sentence void. *Smith v. Sheldon*, 5th Dist. Richland No. 18CA47, 2018-Ohio-3233, ¶ 13. This argument is therefore barred by res judicata. We further note Appellant filed a timely direct appeal from his original judgment of conviction and sentence.

**{¶13}** Appellant argues his sentence is void because the sentence is disproportionate to his crimes. The doctrine of res judicata bars consideration of Appellant's claim he received a disproportionate sentence as such claim could have been raised on direct appeal. *State v. Keith*, 12th Dist. Butler No. CA2013-07-131, 2014-Ohio-169, ¶ 25.

**{¶14}** Finally, Appellant argues his sentence is void as he was sentenced for allied offenses of similar import. This Court has recently discussed the question of whether a sentence is void based on the imposition of separate sentences for allied offenses:

> The Ohio Supreme Court, in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, subsequently extended *Fischer* somewhat by holding that the imposition of separate sentences for allied offenses of similar import is contrary to law and such sentences are void. As such, *res judicata* does not preclude a court from correcting those sentences after a

direct appeal. *Id.* at ¶ 2. Nonetheless, the Court reiterated that void sentence jurisprudence does *not* apply to challenges to a sentencing court's basic determination as to "whether offenses are allied." *Id.* at ¶ 24. The Court thus stated that "* * * when a trial court finds that convictions are not allied offenses of similar import, or *when it fails to make any finding regarding whether the offenses are allied*, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of *res judicata*." *Id.* at ¶ 26, emphasis added.

Recently, in *State ex rel. Cowan v. Gallagher*, —— N.E.3d ——, 2018-Ohio-1463, the Ohio Supreme Court clarified its *Williams* holding as follows: "* * * [A] judgment of sentence is void in one particular circumstance: when the trial court determines that multiple counts should be merged but then proceeds to impose separate sentences in disregard of its own ruling." *Id.* at ¶ 20, citing *Williams* at ¶¶ 28–29.

**{¶15}** *State v. Franklin*, 5th Dist. Stark No. 2017 CA 00170, 2018-Ohio-2904, ¶¶ 16-17, appeal not allowed, 154 Ohio St.3d 1423, 2018-Ohio-4496, 111 N.E.3d 21, ¶¶ 16-17 (2018).

**{¶16}** Appellant's September 29, 2008 sentencing entry is devoid of findings concerning whether the offenses were allied.   Appellant's claim was therefore required to be raised on direct appeal, and is now barred by the doctrine of res judicata.

**{¶17}** The first assignment of error is overruled.

II.

**{¶18}** In his second assignment of error, Appellant argues trial counsel was ineffective for failing to object to a void sentence, and appellate counsel was ineffective for failing to raise the issues he discusses in his first assignment of error on direct appeal.

**{¶19}** Appellant's claim of ineffective assistance of trial counsel could have been raised on direct appeal, and is therefore barred by res judicata. His claim of ineffective assistance of appellate counsel was not properly before the trial court. *State v. Szerlip*, 5th Dist. Knox No. 02CA45, 2003-Ohio-6954, ¶ 28. The proper avenue for a claim of ineffective assistance of appellate counsel was through a timely filed motion to reopen his direct appeal pursuant to App. R. 26(B).

**{¶20}** The second assignment of error is overruled.

**{¶21}** The judgment of the Fairfield County Common Pleas Court is affirmed.

By: Hoffman, J.

Wise, John, P.J. and

Baldwin, J. concur