[Cite as *State v. DeVore*, 2020-Ohio-1132.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J<br>Plaintiff-Appellee      Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 19-COA-031 |
| ADAM M. DEVORE | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Ashland County Court of Common Pleas, Case No. 17-CRI-002

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    March 23, 2020

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecuting Attorney

COLE F. OBERLI
Assistant Prosecuting Attorney
110 Cottage Street
Ashland, Ohio 44805

For Defendant-Appellant

ADAM M. DEVORE
State I.D. A704-923
Richland Correctional Institute
P.O. Box 8107
1001 South Olivesburg Road
Mansfield, Ohio 44901

*Hoffman, P.J.*

{¶1}    Appellant Adam M. DeVore appeals the judgment entered by the Ashland County Common Pleas Court overruling his motion for new trial.  Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}    On January 12, 2017, the Ashland County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2), one count of abduction in violation of R.C. 2905.02(A)(2), and one count of domestic violence in violation of R.C. 2919.25(A). Following jury trial in the Ashland County Common Pleas Court, Appellant was acquitted of rape, but convicted of abduction and domestic violence. The trial court sentenced appellant to 36 months in prison on the abduction conviction and to 36 months in prison on the domestic violence conviction, to be served consecutively to one another for an aggregate prison sentence of 72 months.

{¶3}    This Court affirmed the judgment of conviction and sentence, and the Ohio Supreme Court denied Appellant's appeal. *State v. Devore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189, ¶¶ 40-41, *appeal not allowed*, 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155, ¶¶ 40-41 (2019), and *appeal not allowed*, 155 Ohio St.3d 1457, 2019-Ohio-1759, 122 N.E.3d 217, ¶¶ 40-41 (2019), *reconsideration denied*, 156 Ohio St.3d 1467, 2019-Ohio-2892, 126 N.E.3d 1177, ¶¶ 40-41 (2019).

{¶4}    On August 14, 2019, Appellant filed a motion for leave to file a delayed motion for new trial, and a motion for new trial on the basis of newly discovered evidence.

---

[1] A rendition of the facts is unnecessary for our resolution of the issues raised in this appeal, but can be found in this Court's opinion on direct appeal of Appellant's conviction and sentence. *See State v. Devore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189.

Appellant sought to present an affidavit sworn by Appellant's housemate. In the affidavit, Appellant's housemate represented he was to be a witness for Appellant at trial, but was never subpoenaed to testify, and was getting a colonoscopy on the day before trial. The affidavit stated he received a text message from someone claiming to be Appellant's attorney, stating not to worry about coming to trial because the judge would not allow him to testify if he didn't receive a subpoena.

{¶5} The trial court found the affidavit facially demonstrated Appellant was aware of the existence of the witness at the time of trial, and Appellant was attempting to raise his own failure to procure the witness's testimony at trial through a motion for new trial rather than by raising the issue properly on direct appeal. The trial court concluded the testimony of the witness was not newly discovered evidence and overruled the motion for new trial.

{¶6} It is from the September 20, 2019 judgment of the court denying his motion for new trial Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FINDING THAT THE APPELLANT WAS NOT UNAVOIDABLY PREVENTED FROM DISCOVERING NEW EVIDENCE.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO A FAIR TRIAL, AND RIGHT TO TRIAL BY JURY WHEN IT FAILED TO CORRECT MANIFEST CONSTITUTIONAL ERROR BY ORDERING A NEW TRIAL.

**{¶7}** We note, this matter comes before this Court pursuant to the accelerated calendar and App. Rule 11.1. Accordingly, it is sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. This appeal shall be considered in accordance with the aforementioned rule.

I.

**{¶8}** In his first assignment of error, Appellant argues the court erred in finding the affidavit attached to his motion was not newly discovered evidence because the affidavit did not exist before trial, and further is evidence of the trial court's efforts to keep defense witnesses from testifying at trial.

**{¶9}** For the reasons stated in the judgment of the trial court, we find the court did not err in finding the evidence was not newly discovered. While the affidavit itself did not exist before trial, the affidavit clearly establishes on its face Appellant knew of the existence of this witness prior to trial and, as such, he was not unavoidably prevented from discovering this evidence. Any alleged error in the trial court's exclusion of witnesses at trial should have been raised on direct appeal, and is now barred by res judicata.

**{¶10}** The first assignment of error is overruled.

II.

**{¶11}** In his second assignment of error, Appellant argues the trial court erred in overruling his motion for new trial because the evidence at trial was insufficient to convict him of domestic violence and abduction.

**{¶12}** Appellant's claims concerning weight and sufficiency of the evidence were raised on direct appeal, and are now barred by res judicata.

**{¶13}**  The second assignment of error is overruled.

**{¶14}**  The judgment of the Ashland County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur