[Cite as *State v. Devore*, 2021-Ohio-1760.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 20-COA-030 |
| | : | (consolidated with 20-COA-036) |
| ADAM M. DEVORE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of Common Pleas, Case No. 17-CRI-002

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      May 20, 2021

APPEARANCES:

For Plaintiff-Appellee:

CHRISTOPHER R. TUNNELL
ASHLAND COUNTY PROSECUTOR

AMY R. INZINA
110 Cottage Street
Ashland, OH 44805

For Defendant-Appellant:

ADAM M. DEVORE, PRO SE
#A704-923
Richland Correctional Institute
P.O. Box 8107
1001 South Olivesburg Road
Mansfield, OH 44901

*Delaney, J.*

{¶1} Defendant-Appellant Adam M. Devore appeals the September 25, 2020, December 15, 2020, and February 10, 2021 judgment entries of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On January 12, 2017, the Ashland County Grand Jury indicted Defendant-Appellant Adam M. Devore on one count of rape in violation of R.C. 2907.02(A)(2), one count of abduction in violation of R.C. 2905.02(A)(2), and one count of domestic violence in violation of R.C. 2919.25(A). Following a jury trial in the Ashland County Common Pleas Court, Appellant was acquitted of rape, but convicted of abduction and domestic violence. The trial court sentenced Appellant to 36 months in prison on the abduction conviction and to 36 months in prison on the domestic violence conviction, to be served consecutively to one another for an aggregate prison sentence of 72 months.

{¶3} This Court affirmed the judgment of conviction and sentence, and the Ohio Supreme Court denied Appellant's appeal. *State v. Devore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189, appeal not allowed, 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155, and appeal not allowed, 155 Ohio St.3d 1457, 2019-Ohio-1759, 122 N.E.3d 217, reconsideration denied, 156 Ohio St.3d 1467, 2019-Ohio-2892, 126 N.E.3d 1177. Appellant's motion to reopen his appeal pursuant to App. R. 26(B) was also denied by this Court on February 6, 2019, and Appellant appealed our decision to the Ohio Supreme Court.

---

[1] A rendition of the facts is unnecessary for our resolution of the issues raised in this appeal but can be found in this Court's opinion on direct appeal of Appellant's conviction and sentence. *See State v. Devore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189.

{¶4} On April 4, 2019, Appellant filed a motion for jail time credit. The trial court overruled the motion and Appellant appealed the judgment to this Court. We affirmed the trial court's judgment in *State v. Devore*, 5th Dist. Ashland No. 19-COA-012, 2019-Ohio-4034, appeal not allowed, 158 Ohio St.3d 1451, 141 N.E.3d 979, 2020-Ohio-1090.

{¶5} On August 14, 2019, Appellant filed a motion for leave to file a delayed motion for new trial and a motion for new trial on the basis of newly discovered evidence. The trial court overruled the motion for new trial and Appellant appealed the judgment to this Court. We affirmed the trial court's judgment in *State v. Devore*, 5th Dist. Ashland No. 19-COA-031, 2020-Ohio-1132, appeal not allowed, 159 Ohio St.3d 1417, 147 N.E.3d 666, 2020-Ohio-3365.

{¶6} On July 27, 2020, Appellant filed a Motion to Correct Illegal and Void Sentence. In his motion, he argued the offenses of abduction and domestic violence were allied offenses of similar import and should have merged for purposes of sentencing. The trial court denied the motion on September 25, 2020. The trial court noted Appellant raised this argument in his Application for Reopening of his direct appeal, which we denied on February 6, 2019. The trial court found the issue was barred by res judicata. Appellant appealed the September 25, 2020 judgment entry to this Court in Case No. 20-COA-030.

{¶7} On November 19, 2020, Appellant filed a Delayed Motion to Quash/Dismiss Count Three of the January 12, 2017 indictment. The trial court denied the motion on December 15, 2020, finding it was without jurisdiction to consider the motion due to the appeal pending before this Court regarding Appellant's conviction for domestic violence. Appellant filed a motion to reconsider, which the trial court denied on

February 10, 2021. Appellant filed a notice of appeal of the judgments to this Court in Case No. 20-COA-036.

{¶8} It is from these judgment entries that Appellant now appeals in Case Nos. 20-COA-030 and 20-COA-036.

{¶9} We note, this matter comes before this Court pursuant to the accelerated calendar and App. Rule 11.1. Accordingly, it is sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. This appeal shall be considered in accordance with the rule.

### ASSIGNMENTS OF ERROR

{¶10} Appellant raises three Assignments of Error:

{¶11} "I. BECAUSE THE TRIAL COURT MADE A FINDING OF ALLIED OFFENSES AT SENTENCING AND THEN IMPOSED MAXIMUM AND CONSECUTIVE SENTENCE [SIC], IT ERRED BY APPLYING RES JUDICATA AS A BAR TO REVIEW VOID SENTENCE BECAUSE STATE V. WILLIAMS, 148 OHIO ST., 3D 403 PROVIDES A COURT LACKS AUTHORITY TO IMPOSE CONCURRENT OR CONSECUTIVE PRISON TERMS AFTER ALLYING OFFENSES AND, THUS, PROVIDES AN EXCEPTION TO RES JUDICATA AS THE SENTENCE IS VOID.

{¶12} "II. THE TRIAL COURT ERRED BY CLAIMING IT DID NOT HAVE JURISDICTION TO DISMISS COUNT THREE FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO A PENDING APPEAL.

{¶13} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DISMISS COUNT THREE (3) FOR STRUCTURAL ERROR."

## ANALYSIS

## I. Allied Offenses

{¶14} In his first Assignment of Error, Appellant contends the trial court erred when it applied res judicata to deny Appellant's motion to correct illegal and void sentence. We disagree.

{¶15} In making its judgment, the trial court referred to our February 6, 2019 judgment entry denying Appellant's Application for Reopening pursuant to App.R. 26(B). On December 21, 2018, Appellant filed an Application for Reopening in appellate Case No. 18-COA-011. He argued in his first proposed assignment of error that his trial counsel was ineffective for failing to argue that his sentence for domestic violence and his sentence for abduction were allied offenses of similar import; therefore, the offenses should merge for sentencing purposes.

{¶16} In our judgment entry denying the Application, we conducted a detailed analysis of the issue of allied offenses. We stated:

> The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This protection applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution, *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), and is additionally guaranteed by the Ohio Constitution, Article I, Section 10. The Double Jeopardy Clause protects against three abuses: (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce,* 395

U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

Revised Code, Section 2941.25 reads,

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court held:

Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible

to commit one offense and commit the other with the same conduct, not whether it issues: (1) "a second prosecution for the same offense after acquittal," (2) "a possible to commit one without committing the other. *Blankenship*, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses can be committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate

animus for each offense, then, according to RC. 2941.25(B), the offenses will not merge.

The Ohio Supreme Court in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, addressed the issue of allied offenses, determining the analysis set forth in Johnson to be incomplete. The Court in *Ruff*, held in paragraphs 24-26 as follows:

When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. R.C. 2941.25(B).

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance-in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of RC. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

Appellant, in the case sub judice, was convicted of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree, and domestic violence in violation of R.C. 2919.25(A).

R.C. 2905.02 stated, in relevant part, as follows: (A) No person, without privilege to do so, shall knowingly do any of the following: ...
(2) By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear. In turn, RC. 2919.25 states, in relevant part, as follows:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."

There was testimony at trial that appellant, who was living at times with the victim, hit her on the way home from a bar. Appellant moved out of the victim's house the next day, but later returned. The victim testified that on January 8, 2017, she woke up not being able to breathe very well while appellant was strangling or hitting her and yelling at her. He was holding her by the neck. The victim testified that she was trying to push appellant off of her and that he had his hand around her throat and his arm was up on her throat and he was hitting her with his fists all over. She testified that appellant was trying to tire her out by hitting her and that he got off of her and he sat on the other end of the couch while screaming at her. She testified that whenever she tried to speak, appellant would go off on her and that he held her hair down and "said that I am not going to look at any more niggers, and he poked his finger down in my eye socket." Transcript at 49. The victim further testified that the next morning, appellant would not permit her to tend to her sick child and that it was not until January 9, 2017 when appellant left to get cigarettes, that the victim was able to leave the house.

We find that appellant committed separate and distinct crimes and the offenses were separated by time and occurred in different locations. Because appellant did not commit the abduction and domestic violence offenses in a single act, we find that the offenses should not merge and that appellate counsel was not ineffective in failing to raise a merger argument.

To any extent that appellant argues that his conviction for abduction should merge with rape, we note that appellant was not convicted of rape. (Judgment Entry, Feb. 6, 2019).

{¶17} We have held that res judicata bars an appellant from raising issues that were raised in the appellant's direct appeal and issues the appellant could have raised in the direct appeal. *State v. Porter*, 5th Dist. Perry No. 18-CA-00022, 2019-Ohio-3009, ¶ 37 citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233, 1996–Ohio–337; *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 18, abrogated on other grounds by *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233, 1996–Ohio–337; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. *See, State v. Cuthbert*, 5th Dist. Fairfield No. 18-CA-33, 2019-Ohio-96, ¶¶ 14-16, appeal not allowed, 155 Ohio St.3d 1439, 2019-Ohio-1536, 121 N.E.3d 410.

{¶18} Based on our February 6, 2019 judgment entry, which we incorporate into this Opinion, and the doctrine of res judicata, we find no error for the trial court to deny Appellant's motion to correct illegal and void sentence.

{¶19} Appellant's first Assignment of Error is overruled.

**II. and III. Count Three – Domestic Violence**

{¶20} In his second and third Assignments of Error, Appellant contends the trial court erred as to Count Three of the indictment, domestic violence. We disagree.

{¶21} Appellant first contends the trial court was incorrect when it held it could not rule on Appellant's motion to quash/dismiss Count Three due to Appellant's pending appeal in Case No. 20-COA-030. "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162." *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, 2013 WL 6067981, ¶ 8 quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. The trial court denied Appellant's motion to correct illegal and void sentence, which Appellant appealed to this Court on October 16, 2020. On November 19, 2020, Appellant filed a Delayed Motion to Quash/Dismiss Count Three of the January 12, 2017 indictment. The motion specifically regarded the domestic violence offense that was of issue in Appellant's appeal as to the alleged allied offenses of abduction and domestic violence. We find the trial court lost jurisdiction to consider the November 19, 2020 motion while the appeal was pending before this Court.

{¶22} As to Appellant's third Assignment of Error, we find that res judicata bars Appellant's argument that the trial court failed to dismiss Count Three from the indictment due to structural error. Appellant's claims concerning structural error as to Count Three of the indictment could have been raised by Appellant on direct appeal and are now barred by res judicata.

{¶23} Appellant's second and third Assignments of Error are overruled.

**CONCLUSION**

{¶24} The judgments of the Ashland County Court of Common Pleas are affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.